Pacific Indemnity brought this declaratory judgment action to determine its rights and obligations under a policy issued to Appellant Lawler Machine Foundry Co., Inc. Lawler Machine 
Foundry Co., Inc., and Delmas Lacy Lawler (a stockholder, director and employee of the family-owned operation) are Defendants in multiple lawsuits which arose as a result of Delmas Lawler's having driven the company's pickup truck into a crowded restaurant. The insurance policy covers only "occurrences" resulting in injury or property damage which is "neither expected or intended," and Pacific Indemnity sought a declaratory judgment that Lawler's action in running the truck into the restaurant was deliberate and intentional, and, therefore, not covered under the insurance policy. From the order of the lower Court declaring Pacific Indemnity to be without liability to its insureds, Delmas Lawler and Lawler Machine Foundry Co., Inc., appeal.
 The Facts
Sometime around midnight on the evening of July 3, 1978, Lawler drove his pickup truck to a restaurant known as Dot's Hickory Pit. Lawler, who had been drinking beer throughout the day and evening, was seen to stagger in the restaurant but, while there, ordered food and coffee for *Page 157 
both himself and his date, who had arrived there separately in her own vehicle. When preparing to leave and pay his check, he became involved in an argument with the cashier and, according to one witness, left the restaurant "mad."
Thereafter, Lawler got into his truck and backed up, striking a passing vehicle — the Monroe car. Lawler then put the truck in forward gear and drove through the building's exterior walls and into the restaurant.
The testimony from which the trial Judge was free to draw inferences on the issue whether Lawler's actions constituted deliberate ramming of the building or whether he had merely lost control of the truck due to his intoxication and as a result of being upset over accidentally backing into the Monroe vehicle is in sharp conflict.[1]
 Issue Presented
Does the evidence support the trial Court's ruling, as to each Defendant, that the incident in question was not an accidental occurrence as defined in the insurance policy? We affirm as to the individual Appellant, Delmas Lacy Lawler, and reverse and remand as to the corporate Appellant, Lawler Machine Foundry Co., Inc.
 Contentions of the Parties
Competent counsel for the respective parties to this appeal have filed superior briefs; and, thus, we will approach our analysis of the dispositive issue in the context of their respective contentions.
 Appellants' Contentions
Along with a majority of jurisdictions, Alabama recognizes that the unintended consequences of even clearly intentional, wilful, or deliberate acts may still be covered by policies of liability insurance coverage. In Hartford Fire InsuranceCompany v. Blakeney, 340 So.2d 754 (Ala. 1976), an insured pushed a social guest down a flight of steps following a fight in the insured's home and the court upheld the jury charge that "it is an accidental injury where an unexpected result arises from an intended act."
It is elementary, say Appellants, that the burden of establishing an exception to liability coverage is on the insurer. In Equitable Accident Insurance Co. v. Osborn, 90 Ala. 201,9 So. 869 (1890), the Court stated that exceptions under an exclusionary provision are "construed most strongly against the insurer, and liberally in favor of the insured."
Furthermore, assert Appellants, the duty of an insurance company to defend liability actions is more extensive than its duty to pay. See Ladner and Company, Inc. v. Southern GuarantyIns. Co., 347 So.2d 100 (Ala. 1977), and Pacific Indemnity Co.v. Run-A-Ford Co., 276 Ala. 311, 161 So.2d 789 (1964).
Inasmuch as the lower Court's decree denies coverage to the corporate insured as well as to the individual, the corporate Appellant emphasizes that Lawler was not, on the night in question, performing any business as agent for the corporation. Apart from the agency issue on which Pacific owes the corporation a defense, the complaint charged the corporation with "wilfully, wantonly, or negligently entrusting or allowing Lawler to possess the truck." Thus, contends the corporate Appellant, a viable cause of action is alleged against the corporation, independent of any intentional conduct by Lawler, for which the corporate Defendant is entitled to a defense.
Appellee's Contentions:
The issue whether a person intended or expected to cause certain injuries is an issue of fact to be determined by the trier of fact; and, under the ore tenus rule, such determination is entitled to a presumption of correctness, and will not be set aside unless clearly wrong or unjust. Smith v.North River Insurance Co., 360 So.2d 313 (Ala. 1978).
Appellants' argument that the burden is upon the insurer to establish an exception *Page 158 
coming under an exclusionary clause is inapposite because we deal here with the basic coverage established under the policy rather than with the operation of an exclusion; and the burden here rests on the person claiming coverage. North British Mercantile Ins. Co. v. Sciandra, 256 Ala. 409, 54 So.2d 764
(1951).
The assertion that an insurer's duty to defend is more extensive than its duty to pay is also without applicability. In Smith v. North River Insurance Co., supra, at 315, the Court stated:
 "The issue raised in the declaratory judgment action was whether the insurance company was obligated, under the policy provisions, to defend the action brought by Smith against his insurer. This issue turned on whether the injury, the basis of the personal injury suit, was `expected or intended,' as those terms are used in the contract between the insurance company and its insured."
In view of the lower Court's determination in this case that Appellee is without liability regarding the incident which is the subject of this suit, it follows, contends the Appellee, that it also is without obligation to provide a defense for either the corporate or individual defendant.
 The Court's Opinion
Appellants earnestly insist that the trial Court's findings of fact are not entitled to a presumption of correctness, so as to mandate affirmance, under the ore tenus rule, for two reasons: 1) the trial Court misapplied the law to the facts; and 2) such findings of fact are plainly and palpably wrong.
We are in basic agreement with each of the cited propositions of law both as to ore tenus and the principles governing insurance coverage relied upon by Appellants. As to each insured, however, the ultimate resolution of the coverage issue here presented rests upon a factual determination: Was the insured's conduct so consciously and voluntarily committed as to render the resultant injuries and damages the natural and probable consequences of such conduct? Or, stated another way, did the insured, with reasonable foreseeability of injury, so consciously direct his actions that the resultant injuries are the natural or probable consequence thereof? ContinentalCasualty Ins. Co. v. Cunningham, 188 Ala. 159, 66 So. 41
(1914).
While this factual issue is an extremely close one, we cannot say that the trial Court erred in answering the above-stated question in the affirmative, and, thus finding, as a matter of law, that the individual Appellant, Delmas Lacy Lawler, intended to inflict the injuries which are the underlying basis for this litigation. As to the corporate Appellant, on the other hand, we are unable to discern any evidence of record from which the trial Court could reasonably infer that the insured, Lawler Machine Foundry Co., Inc., is not entitled to a defense as well as other benefits provided by the policy. Therefore, we affirm as to Delmas Lacy Lawler and reverse and remand as to Lawler Machine Foundry Co., Inc., a corporation.
AFFIRMED IN PART; AND IN PART REVERSED AND REMANDED.
All the Justices concur except BLOODWORTH, J., not sitting.
[1] Because of our holding, remanding this cause as to the corporate insured, we have purposefully not related a more detailed statement of the facts.