The plaintiff, Alfa Mutual Insurance Company, Inc., appeals from a judgment declaring that Alfa owes the defendant, R.O. "Jack" Morrison, a duty to defend and/or indemnify him under a homeowner's liability policy in regard to a pending libel action against him (Case No. CV-91-56, Hale Circuit Court). We affirm.
The action underlying this present action was filed by E. Price Howell, Jr., against Morrison and Eugene Wright; it alleged libel or defamation in connection with the publication of statements contained in a letter dated May 28, 1990.[1]
Howell's complaint alleged that, at the time they published the statements, Morrison and Wright "knew said statements were false" or "published said statements with reckless and gross disregard as to whether said statements were true or false." Howell *Page 382 
claimed damages for extreme mental anguish and emotional distress. Alfa initiated this declaratory judgment action to determine whether it owed Morrison a duty to defend and/or indemnify him under his homeowner's liability policy.
We affirm and adopt the well-reasoned order of Judge Jack W. Meigs as the opinion of this Court:
 "This cause is before the Court on the complaint for declaratory judgment filed by the Plaintiff, Alfa Mutual Ins. Co., Inc., against R.O. 'Jack' Morrison and others seeking a declaration of Alfa's obligation to indemnify and defend a suit brought against Morrison by Price Howell in the Circuit Court of Hale County [CV 91-56].
 "In the underlying case Howell avers that Morrison and another libeled or defamed him in connection with the publication of certain election campaign literature [, thereby] causing Howell emotional distress. . . . [Howell] further avers that [Morrison] published the statements with reckless or gross disregard as to whether such statements were true or false.
 "The insurance company's duty to defend its insured is determined by the language of the insurance policy and by the allegations in the complaint giving rise to the suit against the insured. United States Fidelity Guaranty Co. v. Armstrong, 479 So.2d 1164 (Ala. 1985). The language of the policy in question regarding personal liability of the named insured is as follows:
 " 'If a claim is made or a suit is brought against an insured for damages because of bodily injury or property damage to which this coverage applies, we will:
 " '1. Pay up to our limit of liability for the damages for which the insured is legally liable; and
 " '2. Provide a defense at our expense by counsel of our choice.'
 "The language of the policy also contains an exclusion for bodily injury which is expected or intended by an insured:
" '[SECTION II — EXCLUSIONS
" '1. Coverage E and Coverage F do not apply to:
 " '(a) Bodily injury or property damage which is expected or intended by an insured.]'
 "The definition of 'bodily injury' contained in the subject policy is similar to the language of the policy in the case American States Ins. Co. v. Cooper, 518 So.2d 708 (Ala. 1987). The Supreme Court, in that case, held that mental anguish is covered under that definition. [Thus, the first] issue to be determined by this Court [is] whether or not Alfa is obligated to defend under the policy for an allegation of libel.
 "Alfa contends, and it is undisputed, that Howell was a public official. Under the longstanding principles and decisions regarding libel, a public official can [recover for defamation only by] showing that false statements were published by the defendant either with knowledge of their falsity or [with] reckless disregard of whether they were false or not. Alfa further contends that libel is an intentional tort and therefore not covered by insurance under the Supreme Court's decision in Tapscott v. Allstate Insurance Company, 526 So.2d 570 (Ala. 1988). Morrison, on the other hand, [says] that the allegations of the plaintiff in the underlying suit do not allege strictly an intentional tort, but knowing libel. While the tort of libel does require an intentional act (an intentional communication or publication), there are portions of the tort which may be done unintentionally. Of course, in the underlying case, for the plaintiff to recover, he must prove that Morrison . . . acted intentionally or knowingly or with a reckless disregard. Anything less than that would bar the plaintiff's recovery. Since the complaint alleges reckless disregard, the Court finds that this allegation is sufficient to take this out of a strictly intentional tort.
 "The other issue . . . is whether the language of the policy, which states that the coverage does not apply to bodily injury which is expected or intended by *Page 383 
an insured, relieves Alfa from defending and indemnifying Morrison for the intentional portion of the claim. The Court must apply a subjective standard to determine whether Morrison expected or intended to inflict the damage claimed by the plaintiff in the underlying case. The uncontroverted evidence is that he did not.
 "It is therefore ORDERED, ADJUDGED and DECREED that the Plaintiff, Alfa Mutual Insurance Company, Inc., be and [it] is hereby required to defend R.O. 'Jack' Morrison and indemnify him in the case of E. Price Howell, Jr., plaintiff v. R.O. 'Jack' Morrison, et al., defendants, currently pending in the Circuit Court of Hale County, Alabama, Case No. CV-91-56."
We find substantial evidence in the record to sustain the judgment entered by the trial court. Considering all of the evidence, we cannot conclude that that judgment is plainly and palpably wrong. Therefore, it is due to be affirmed.
AFFIRMED.
HORNSBY, C.J., and ALMON, HOUSTON and INGRAM, JJ., concur.
STEAGALL, J., dissents.
[1] In the spring of 1990, Howell was a candidate for election to a seat on the Hale County Commission. He was then also a member of the Moundville City Council. Before the election, Howell published a political announcement in the local newspaper. In response, Morrison and Wright decided to co-author and publish the letter that is at the center of this dispute.