**LANDMARK AMERICAN INS. CO., INC., Plaintiff,**

v.

**ALABAMA AMBULANCE SERVICE, INC., et al., Defendants.**

**Civil Action No. 96–D–1126–E.**

United States District Court,
M.D. Alabama.
Eastern Division.

Jan. 29, 1997.

David M. Wilson, Birmingham, AL, for Plaintiff.

James R. McKoon, Phenix City, AL, for Alabama Ambulance.

Robert P. Lane, Phenix City, AL, for Rev. Prince James.

Michael S. Jackson, Montgomery, AL, for Hermitage Ins.

## MEMORANDUM OPINION & ORDER

DE MENT, District Judge.

Before the Court is plaintiff Landmark American Insurance Company's ("Landmark") motion and brief, filed October 11, 1996, for summary judgment against defendant Alabama Ambulance Service ("AAS").[1] The Court entered an Order on October 17, 1996, setting a response date of October 30, 1996.[2] To date, no defendant has responded to the Court's Order. After careful consideration of the arguments of counsel, the relevant case law and the record as a whole, the Court finds that Landmark's motion for summary judgment is due to be granted in part and denied in part.

### JURISDICTION

Based upon 28 U.S.C. § 1332[3] and 28 U.S.C. §§ 2201 and 2202[4], the court properly exercises subject matter jurisdiction over this action. The parties do not contest personal jurisdiction or venue.

### BACKGROUND

Landmark issued a Commercial Auto Coverage Policy ("policy"), # BA 2030896, effective from October 9, 1994, to October 9, 1995, to AAS, an ambulance service in and around Russell County, Alabama. On or about August 27, 1995, AAS responded to a 911 call from the residence of defendant James. Upon arriving at James' residence, AAS employees attempted to revive James' wife, who was in cardiac arrest. The AAS employees were unsuccessful in their attempts to revive Mrs. James, and they subsequently removed

---

1. Other defendants in this action include Rev. Prince James ("James") and Hermitage Insurance Company, Inc. ("Hermitage").

2. The Order also specifically stated that "a moving party's evidence may be accepted as true if it is not specifically contradicted by an opposing party" and that "[i]f the nonmoving party fail[ed] to respond, a final judgment may be entered without further notice or a trial."

3. Section 1332 conveys to district courts "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of [$75,000], exclusive of interest and costs and is between citizens of different states." 28 U.S.C. § 1332.

4. Sections 2201 and 2202 authorize a district court to "declare the rights and other legal relations of any interested party seeking such a declaration" as well as any "further necessary or proper relief" based on the declaratory judgment.

her from her residence and transported her to the hospital.

AAS eventually brought an action in Russell County District Court against James to recover for their service call to the James' residence. James then filed a counterclaim against AAS, alleging that the AAS employees removed Mrs. James' body, while only partially clad, from her residence. Specifically, James made a counterclaim for the tort of outrage as well for intentional infliction of emotional distress, desecration and humiliation of a corpse, and wrongful hiring, supervision and retention of personnel. James then removed the state action to the Circuit Court of Russell County.

In response to James' counterclaim, Landmark has undertaken the defense of AAS but with a full reservation of rights. Moreover, Landmark has filed this declaratory action requesting the Court find Landmark has no duty to defend or indemnify AAS with regard to James' claims. In its declaratory action, Landmark also included as a party defendant Hermitage Insurance Company, which issued a general liability insurance policy to AAS but denied coverage with regard to the James claims. In its answer, Hermitage contended that there is no justiciable controversy between it and Landmark; nevertheless, Hermitage brought a cross-claim against AAS, also requesting the Court declare it has no duty to defend or indemnify AAS for the James claims. Landmark now moves for summary judgment in its favor on all claims.

## SUMMARY JUDGMENT STANDARD

On a motion for summary judgment, the court is to construe the evidence and factual inferences arising therefrom in the light most favorable to the nonmoving party. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157, 90 S.Ct. 1598, 1608, 26 L.Ed.2d 142 (1970). Summary judgment can be entered on a claim only if it is shown "that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). As the Supreme Court has explained the summary judgment standard:

> [T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a

showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be no genuine issue as to any material fact, since a complete failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial.

*Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). The trial court's function at this juncture is not "to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249–50, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986) (citations omitted). A dispute about a material fact is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Anderson*, 477 U.S. at 248, 106 S.Ct. at 2510; *see also Barfield v. Brierton*, 883 F.2d 923, 933 (11th Cir.1989).

The party seeking summary judgment has the initial burden of informing the court of the basis for the motion and of establishing, based on relevant "portions of 'the pleadings, depositions, answers to interrogatories, and admissions in the file, together with affidavits, if any,'" that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. *Celotex*, 477 U.S. at 323, 106 S.Ct. at 2552–53. Once this initial demonstration under Rule 56(c) is made, the burden of production, not persuasion, shifts to the nonmoving party. The nonmoving party must "go beyond the pleadings and by [his] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex*, 477 U.S. at 324, 106 S.Ct. at 2553; *see also* Fed.R.Civ.P. 56(e).

In meeting this burden the nonmoving party "must do more than simply show that there is a metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986). That party must demonstrate that there is a "genuine issue for trial." Fed.R.Civ.P. 56(c);

*Matsushita,* 475 U.S. at 587, 106 S.Ct. at 1356. An action is void of a material issue for trial "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." *Matsushita,* 475 U.S. at 587, 106 S.Ct. at 1356; *see also Anderson,* 477 U.S. at 249, 106 S.Ct. at 2510–11.

## DISCUSSION

■ "An insurance company's duty to defend its insured is determined by the language of the insurance policy and by the allegations in the complaint filed against the insured." *Guaranty Nat'l Ins. Co. v. Beeline Stores, Inc.,* 945 F.Supp. 1510, 1513 (M.D.Ala.1996). "If an insurance policy is ambiguous in its terms, the policy must be construed liberally in favor of the insured, and exceptions to coverage must be interpreted as narrowly as possible in order to provide maximum coverage to the insured." *Id.* But "if there is no ambiguity, insurance contracts must be enforced as written, and courts should not defeat express provisions in a policy, including exclusions from coverage, by making a new contract for the parties." *Id.; see also Billups v. Alabama Farm Bureau Mut. Cas. Ins.,* 352 So.2d 1097, 1102 (Ala.1977) (declaring that "[a]mbiguities will not be inserted, by strained and twisted reasoning, into contracts where no such ambiguities exist").

■ Here, Landmark issued a business auto policy to AAS. The policy basically provided coverage for bodily injury or property damage "caused by an 'accident' and resulting from the ownership, maintenance or use of a covered 'auto.'" Policy, Section II.A. The policy specifically excluded bodily injury or property damage "expected or intended from the standpoint of the insured." Id. at Section II.B.1. The policy also excluded any bodily injury or property damage "resulting from the handling of corpses," as well as bodily injury or property damage "resulting from the handling of persons ... during movement from the place where accepted by the insured for loading into or onto the cov-

ered auto." *Id.* at Endorsement–Professional Services Not Covered; *id.* at Endorsement–Exclusion–Loading and Unloading.

The court finds that here James' claims of tort of outrage, intentional infliction of emotional distress, and desecration and humiliation of a corpse, all arise from the handling of Mrs. James' corpse while moving her from her residence into the insured vehicle.[5] The plain language of the policy excludes such claims. Therefore, the court must find that Landmark has no duty to defend or indemnify AAS against James' claims of tort of outrage, intentional infliction of emotional distress, and desecration and humiliation of a corpse.

■ To the extent that James makes claims of negligent hiring, training and supervision against AAS, none of the parties points to any portion of the policy which could be construed as providing coverage for negligent employment practices. *See Billups,* 352 So.2d at 1102 (holding that "when there is no ambiguity, the court will not indulge in construction favorable to the insured"). Without some indication in the record that a provision of the policy arguably covers such employment practices or some showing that the policy is ambiguous in this regard, the court, again, must find there is no material issue of fact and, therefore, that Landmark has no duty to defend or indemnify AAS against James' claims of negligent hiring, training and supervision.

Landmark requests summary judgment on all its claims; however, it presents no evidence or argument with regard to its claims against Hermitage. Accordingly, the court finds that summary judgment is due to be denied to the extent that Landmark seeks declaratory relief against Hermitage.

## CONCLUSION

Based on the foregoing, it is CONSIDERED and ORDERED that Landmark's motion for summary judgment be and the

---

5. To the extent that James' claim of intentional infliction of emotional distress may not relate to the handling or transporting of Mrs. James' body from her residence to the ambulance, the court notes that the policy specifically excludes damages resulting from intentional acts, and, therefore, that Landmark has no duty to defend AAS against James' claim of intentional infliction of emotional distress.

same is hereby GRANTED in part and DE-NIED in part.