**STATE FARM FIRE & CASUALTY COMPANY, Plaintiff,**

v.

**SEXTON & SEXTON, INC., Ken Sexton, Ken Sexton d/b/a Sexton & Sexton, and Margo Littleton Sandlin Sexton, Defendants.**

No. Civ. 96–D–522–N.

United States District Court,
M.D. Alabama,
Northern Division.

Oct. 23, 1997.

Michael B. Beers, William F. Patty, Montgomery, AL, for State Farm Fire & Cas. Co.

Ken Sexton, Pro Se.

Alston Keith, Jr., for Margo Sexton.

## *MEMORANDUM OPINION AND ORDER*

DE MENT, District Judge.

Before the court is Plaintiff State Farm Fire & Casualty Company's ("State Farm") Motion for Summary Judgment, filed April 11, 1997. Defendant Ken Sexton ("Mr.Sexton") filed a response on May 30, 1997. State Farm filed a reply to Sexton's response on June 3, 1997. Mr. Sexton filed a reply to State Farm's response on June 10, 1997. After careful consideration of the arguments of the parties, the relevant law and the record as a whole, the court finds that State Farm's Motion for Summary Judgment is due to be granted.

### JURISDICTION

The court properly exercises subject matter jurisdiction pursuant to 28 U.S.C. § 1332 (diversity) and 28 U.S.C. § 2201 (Declaratory Judgment Act). The parties do not contest personal jurisdiction or venue.

### SUMMARY JUDGMENT STANDARD

On a motion for summary judgment, the court is to construe the evidence and factual inferences arising therefrom in the light most favorable to the nonmoving party. *Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 157, 90 S.Ct. 1598, 1608, 26 L.Ed.2d 142 (1970). Summary judgment can be entered on a claim only if it is shown "that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). As the Supreme Court has explained the summary judgment standard:

> [T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear

the burden of proof at trial. In such a situation, there can be no genuine issue as to any material fact, since a complete failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial.

*Celotex Corp. v. Catrett,* 477 U.S. 317, 322–23, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). The trial court's function at this juncture is not "to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249–50, 106 S.Ct. 2505, 2510–11, 91 L.Ed.2d 202 (1986) (citations omitted). A dispute about a material fact is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Anderson,* 477 U.S. at 248, 106 S.Ct. at 2510; *see also Barfield v. Brierton,* 883 F.2d 923, 933 (11th Cir.1989).

The party seeking summary judgment has the initial burden of informing the court of the basis for the motion and of establishing, based on relevant "portions of 'the pleadings, depositions, answers to interrogatories, and admissions in the file, together with affidavits, if any,'" that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. *Celotex,* 477 U.S. at 323, 106 S.Ct. at 2552–53. Once this initial demonstration under Rule 56(c) is made, the burden of production, not persuasion, shifts to the nonmoving party. The nonmoving party must "go beyond the pleadings and by [his] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" Celotex, 477 U.S. at 324; *see also* Fed.R.Civ.P. 56(e).

In meeting this burden the nonmoving party "must do more than simply show that there is a metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 586, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986). That party must demonstrate that there is a "genuine issue for trial." Fed.R.Civ.P. 56(c); *Matsushita,* 475 U.S. at 587, 106 S.Ct. at 1356. An action is void of a material issue

for trial "[w]here the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party." *Matsushita*, 475 U.S. at 587, 106 S.Ct. at 1356; *see also Anderson*, 477 U.S. at 249, 106 S.Ct. at 2510.

## STATEMENT OF FACTS

State Farm filed the above styled action on March 25, 1996, seeking a declaratory judgment of the duties, liabilities, and responsibilities of the parties with regard to a lawsuit filed by Ken Sexton, Sexton & Sexton, Inc., and Ken Sexton d/b/a Sexton & Sexton versus the Principal Financial Group, Inc., and Margo Littleton Sandlin Sexton (Ms. Sexton) ("The Principal Lawsuit").

State Farm had a business policy, No. 93–01–9397–1, issued to Ken Sexton d/b/a Sexton & Sexton. The policy periods were from July 3, 1991 until July 3, 1993. Mr. and Ms. Sexton contend that State Farm is obligated, pursuant to the State Farm policy, to defend Ms. Sexton and indemnify her for damages which may be rendered against her in the Principal Lawsuit. State Farm denies that it is either legally obligated to defend Ms. Sexton in the Principal Lawsuit or that it has a duty to pay damages rendered against her in that lawsuit.

The Principal Lawsuit was originally filed in the Circuit Court of Montgomery County, Alabama, on May 26, 1995, asserting claims under state law for bad faith, fraud and misrepresentation, outrage, civil conspiracy, negligence, negligent entrustment, breach of fiduciary duty and breach of contract. These claims all arise out of a health insurance policy provided by The Principal Financial Group ("Principal").

Specifically, Mr. Sexton, one of the Plaintiffs in the Principal Lawsuit, alleges that Principal's agents misrepresented who could be a "participating unit" qualifying for the insurance policy. Mr. Sexton also contends that Principal's agents fraudulently induced him and his businesses into participating in an illegal funding program whereby insurance premiums were used as part of the business's cash flow until the premiums were actually needed. On November 9, 1995, the plaintiffs in the underlying lawsuit amended their complaint to add several individuals

whom the plaintiffs allege were agents and employees of Principal. These individuals included Ms. Sexton.

The Amended Complaint filed in the Principal Lawsuit alleges that Ms. Sexton made misrepresentations to Mr. Sexton and his business as the "agent or representative" of the Principal Financial Group. (Def.'s Mot. for Summ.J., Amended Complaint, ¶¶ 2(b), 6, 7, 8, 10, and 11.) The Amended Complaint alleges that Ms. Sexton, while acting as agent and representative of the Principal Group, was guilty of breach of contract, breach of fiduciary duties, negligent entrustment, fraud, negligence and outrage. Mr. Sexton claims damages in the form of closure of his business, defamation and mental anguish. *Id.* at ¶¶ 29, 35, 41, 46, 50. These damages arose after a May 27, 1993, seizure of his business. *Id.*

Mr. Sexton was subsequently convicted of insurance fraud arising out of his operation of Sexton and Sexton, Inc. He is currently incarcerated in the federal prison system, and is appearing pro se in the instant action.

State Farm raises several grounds on which it seeks the court to declare it has no obligation to defend or indemnify Ms. Sexton in the Principal Lawsuit. First, State Farm contends that the loss for which Mr. and Ms. Sexton seek coverage arose from liability assumed through their contract and from rendering professional services, and that this loss did not arise or occur during the effective dates of the State Farm insurance policy. Second, State Farm alleges that Ms. Sexton is not insured pursuant to the terms of the policy at issue based on the allegations contained in the complaint in the Principal Lawsuit and the terms and conditions of the State Farm policy.

Further, State Farm contends that the State Farm policy does not provide for coverage for the damages which Ms. Sexton may be held liable for in the Principal Lawsuit. State Farm contends that, even if Ms. Sexton were an "insured" for purposes of the Principal Lawsuit, the policy specifically excludes the damages for which she is being sued.

Finally, State Farm contends that Mr. Sexton, prior to issuance of the insurance

policy, represented to State Farm that his company was an accounting firm. State Farm contends that this representation was false and misleading, and that it was material to the decision of State Farm to provide insurance to Ken Sexton d/b/a Sexton & Sexton. Because of this alleged misrepresentation, State Farm contends that the insurance policy at issue here is void and has no effect.

In its motion for summary judgment, State Farm contends that the language of the insurance policy is unambiguous in its exclusion of coverage for the defense and indemnification of Ms. Sexton. State Farm seeks to have the court declare that it has no duty to defend or indemnify Ms. Sexton, that the court declare the policies are void and have no effect, that the court declare that no coverage is provided for the claims of Ms. Sexton, and any other, further and different general relief to which Plaintiff may be entitled.

Mr. Sexton contends that Ms. Sexton is insured under the policy. He contends that Section II of the Policy states that the spouse of the insured is insured "with respect to the conduct of a business" of which the individual is the sole owner. Mr. Sexton contends that, because the policy is issued to him as an individual, Ms. Sexton is insured as his spouse with respect to the conduct of the business. Further, Mr. Sexton contends that the damages for "mental anguish" for which he seeks recovery in the Principal Lawsuit are covered by the State Farm policy.

## DISCUSSION

■ "An insurance company's duty to defend its insured is determined by the language of the insurance policy and by the allegations in the complaint filed against the insured." *Guaranty Nat'l Ins. Co. v. Beeline Stores, Inc.*, 945 F.Supp. 1510, 1513 (M.D.Ala.1996). "If an insurance policy is ambiguous in its terms, the policy must be construed liberally in favor of the insured, and exceptions to coverage must be interpreted as narrowly as possible in order to provide maximum coverage to the insured." *Id.* But "if there is no ambiguity, insurance contracts must be enforced as written, and courts should not defeat express provisions

in a policy, including exclusions from coverage, by making a new contract for the parties." *Id.; see also Billups v. Alabama Farm Bureau Mut. Cas. Ins.*, 352 So.2d 1097, 1102 (Ala.1977) (declaring that "[a]mbiguities will not be inserted, by strained and twisted reasoning, into contracts where no such ambiguities exist").

Here, State Farm issued a business policy to Ken Sexton d/b/a/ Sexton & Sexton. The policy basically provided coverage for bodily injury, property damage, personal injury, or advertising injury caused by an occurrence taking place in the coverage territory during the policy period. (Def.'s Mot. for Summ.J., Ex. A ("Certified Copy of Policy").) The policy specifically excludes any bodily injury or property damage expected or intended from the standpoint of the insured, or to any person or property which is the result of willful and malicious acts of the insured.

■ The court finds that Ms. Sexton is not an "insured" for purposes of the State Farm policy. Policy Number 93–01–9397–1 was issued to Ken Sexton d/b/a Sexton & Sexton as the named insured. (Certified Copy of Policy.) Section II of the Policy addresses "who is insured" under the terms of the policy. Section II(1)(a) states that if the policy is issued to an individual, the spouse of the individual is insured, but only "with respect to the conduct of a business of which you are the sole owner." (Certified Copy of Policy at 27.) Mr. Sexton contends that Ms. Sexton is covered under this provision. However, Ms. Sexton and Mr. Sexton have been divorced since 1990. (Pl.'s Mot. for Summ.J., M. Sexton Depo. at 30.) Subsequent to the divorce, they maintained separate residences. *Id.* at 31. Therefore, the court finds that Ms. Sexton does not qualify as an insured under this provision of the policy.

Second, the court finds that Ms. Sexton is not an "insured" under Section II(2)(a) of the policy. This section states:

Each of the following is also an insured:
(a) your employees, other than your executive officers, but only for acts within the scope of their employment by you.

(Certified Copy of Policy at 27.)

■ The actions for which Ms. Sexton seeks indemnification occurred while she was

allegedly acting as the agent of Principal and *against* the interests of the insured. (Pl.'s Mot. for Summ.J., Ex. C (Amended Complaint) at ¶¶ 2(b), 6, 7, 8, 9, 10, 11.). It is axiomatic that by Mr. Sexton alleging Ms. Sexton perpetrated fraud and misrepresentation against him as an agent of Principal, he is conceding that she was not acting within the scope of her employment to him.

█ In addition and in the alternative, the court finds that Section II(2)(a)(1) of the policy excludes from coverage the type of damages Ms. Sexton may be liable for in the Principal Lawsuit. The policy specifically states that even where employees acting in the scope of their employment to the named insured are covered, the policy does not insure against bodily injury or personal injury by employees to the named insured while in the course of his or her employment. (Certified Copy of Policy at 27.) Mr. Sexton seeks damages in the Principal Lawsuit for loss of income, closure of his business, defamation of his character and his good name, mental distress, and damage to his credit rating. (Amended Compl. ¶¶ 29, 35, 41, 46, 50.) Defamation, mental distress and anguish are all forms of personal injury and thus specifically excluded from coverage when suffered by the named insured as a result of the actions of an employee acting within the scope of his or her employment.

█ Additionally, the Alabama Supreme Court has stated that "economic loss" is not tangible "property damage." *American States Insur. Co. v. Martin,* 662 So.2d 245, 248 (Ala.1995). "Strictly economic losses like lost profits, loss of an anticipated benefit of a bargain, and loss of an investment, do not constitute damage or injury to 'tangible' property." *Id.* at 249. The State Farm Policy defines "property damage" as the following:

a. a physical injury to or destruction of tangible property, including all resulting loss of use of that property. All such loss of use will be considered to occur at the time of the physical injury that caused it; or

b. loss of the use of tangible property that is not physically injured or de-

stroyed, provided such loss of use is caused by physical injury to or destruction of other tangible property. . . .

(Certified Copy of Policy at 33.)

In the Principal Lawsuit, Mr. Sexton seeks damages for loss of business, closure of his business and harm to his credit rating. Under the terms of the policy outlined above, as well as the Alabama Supreme Court's holding in *American States Ins. Co.,* these damages are forms of "economic loss" and thus not covered under the State Farm policy. Thus, even if Ms. Sexton were an employee of Ken Sexton d/b/a Sexton & Sexton and acting within the scope of her employment at the time of the actions underlying the Principal Lawsuit, the damages for which she seeks possible indemnification are specifically excluded from coverage under the policy.

Therefore, the court must find that State Farm has no duty to defend or indemnify Ms. Sexton against Mr. Sexton's claims in the Principal Lawsuit.

Plaintiff also asks the court to declare that the insurance policy is void and has no effect based on the fact that State Farm issued the policy to Mr. Sexton on the alleged misrepresentation that his business was an accounting firm. State Farm has submitted no evidence to support this contention, but rather relies on its pleadings regarding this issue. While a literal reading of Rule 56 permits a party to move for summary judgment based solely on its pleadings, the court is hesitant to grant summary judgment on this issue. Mr. Sexton is currently incarcerated, appears pro se in this action, and has not responded to State Farm's allegations of misrepresentation. *See Moore v. State of Florida,* 703 F.2d 516, 520 (11th Cir.1983). *See also Hudson v. Hardy,* 412 F.2d 1091 (D.C.Cir.1968) ("The requirements of the summary judgment rule may not be fairly applied 'with strict literalness' to a prisoner unrepresented by counsel and subject to the 'handicaps detention imposes upon a litigant.' ") (citations omitted). Accordingly, the court declines to grant summary judgment for Plaintiff on the issue of the validity of the insurance policy.

## ORDER

Based on the foregoing, it is CONSIDERED and ORDERED that State Farm's Motion for Summary Judgment on the declaration of State Farm's duties, liabilities, and responsibilities for the indemnification and defense of Ms. Sexton be and the same is hereby GRANTED. It is further CONSIDERED and ORDERED that State Farm's Motion for Summary Judgment on the validity and effect of the policies is hereby DENIED.