[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 18-14195
Non-Argument Calendar

_____

D.C. Docket No. 2:16-cv-00720-SPC-MRM

MID-CONTINENT CASUALTY COMPANY,

Plaintiff-Appellant,

versus

DELACRUZ DRYWALL PLASTERING & STUCCO, INC.,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(March 8, 2019)

Before WILSON, JORDAN, and HULL, Circuit Judges.

PER CURIAM:

Mid-Continent Casualty Company filed a complaint for declaratory relief as to whether it had a duty to indemnify one of its insureds in a pending lawsuit. The district court dismissed the complaint without prejudice, reasoning that MCC's duty to indemnify was not ripe for adjudication until the underlying lawsuit was resolved. Because MCC's duty to indemnify depends on the resolution of the underlying suit, we affirm.

# I

MCC issued multiple insurance policies to Delacruz Drywall Plastering & Stucco, Inc.—a construction company involved in building a community of single-family homes in Fort Myers, Florida. The policies obligate MCC to defend and indemnify Delacruz, under certain conditions, if Delacruz is sued for defective construction. After the Fort Myers project was completed, several homeowners sued Beazer Home Corp.—the general contractor that hired Delacruz—in Florida state court for defective construction. Beazer then sued Delacruz, alongside its other subcontractors, in Florida state court for breach of contract, contractual indemnity, negligence, common law indemnity, and violations of the Florida Building Code. Pursuant to the policies that MCC issued to Delacruz, MCC is currently defending Delacruz in the underlying state court lawsuit.

2

While Beazer's lawsuit against Delacruz was pending in state court, MCC filed this action for declaratory relief in federal court, *see* 28 U.S.C. § 2201, to clarify what duties it owes Delacruz in the underlying suit. MCC originally sought a declaration that it has no duty to indemnify Delacruz and that it has no duty to indemnify or defend Beazer, but MCC voluntary dismissed its claims concerning Beazer after Beazer agreed to stipulate that it was not an insured party under the policies. At that point, MCC sought only a declaratory judgment that it is not obligated to indemnify Delacruz in the underlying lawsuit because Delacruz completed the allegedly defective construction outside the policies' effective dates.

After MCC voluntarily dismissed its claims concerning Beazer, it moved for summary and default judgment on its claim related to Delacruz. Before ruling on MCC's motions, however, the district court ordered MCC to show cause as to why its duty to indemnify was ripe, considering that the underlying lawsuit was still pending in state court and Delacruz's liability was not established. After MCC filed a supplemental brief, the district court denied summary judgment and dismissed MCC's complaint without prejudice, reasoning that MCC's duty to indemnify Delacruz was not ripe.

**II**

3

MCC argues that the district court erred in dismissing its complaint because (a) the facts necessary to assess MCC's duty to indemnify Dalacruz are established and (b) MCC's duty to defend Dalacruz is ripe.  After a careful review of the record and MCC's brief, we affirm the district court's dismissal of MCC's complaint and denial of MCC's motions for summary and default judgment.

## A

In our view, the district court did not abuse its discretion in concluding that MCC's duty (or lack of a duty) to indemnify Delacruz is unripe.  *See Am. Fid. & Cas. Co. v. Penn. Threshermen & Farmers' Mut. Cas. Ins. Co.*, 280 F.2d 453, 461 (5th Cir. 1960).  We have not directly addressed whether it is appropriate for a district court to assess an insurer's duty to indemnify before the underlying lawsuit is resolved.  We have considered the issue, however, in an unpublished opinion.  *See J.B.D. Constr., Inc. v. Mid-Continent Cas. Co.*, 571 F. App'x 918, 927 (11th Cir. 2014) ("The duty to indemnify is dependent upon the entry of a final judgment, settlement, or a final resolution of the underlying claims.") (citing *Northland Cas. Co. v. HBE Corp.*, 160 F. Supp. 2d 1348, 1360 (M.D. Fla. 2001)).[1]

---

[1] In *First Mercury Ins. Co. v. Excellent Computing Distribs., Inc.*, 648 F. App'x 861, 865–67 (11th Cir. 2016) (per curiam), we concluded that the district court erred by abstaining from exercising its jurisdiction in a declaratory judgment action because it failed to address the nine factors that are relevant to abstention.  Here, the district court found that MCC's duty to indemnify Delacruz

As the district court noted in its order, many district courts in this circuit have ruled that an insurer's duty to indemnify is not ripe until the underlying lawsuit is resolved or the insured's liability is established. *See Mid-Continent Cas. Co. v. G.R. Constr. Mgmt., Inc.*, 278 F. Supp. 3d 1302, 1306 (M.D. Fla. 2017); *Evanston Ins. Co. v. Gaddis Corp.*, 145 F. Supp. 3d 1140, 1153 (S.D. Fla. 2015); *Nationwide Mut. Fire Ins. Co. v. Dillard House, Inc.*, 651 F. Supp. 2d 1367, 1372–73 (N.D. Ga. 2009); *Northland Cas. Co.*, 160 F. Supp. 2d at 1360; *Guaranty Nat'l Ins. Co. v. Beeline Stores, Inc.*, 945 F. Supp. 1510, 1514–15 (M.D. Ala. 1996). Our fellow circuit courts have applied the same rule. *See, e.g.*, *Nationwide Ins. v. Zavalis*, 52 F.3d 689, 693 (7th Cir. 1995) ("[T]he duty to indemnify is not ripe for adjudication until the insured is in fact held liable in the underlying suit.").

We agree with these cases and the district court's conclusion that MCC's duty to indemnify Delacruz is not ripe for adjudication until the underlying lawsuit is resolved. Indeed, the former Fifth Circuit in *American Fidelity & Casualty Co.*, 280 F.2d at 461, held that a declaratory judgment action concerning an apportionment issue between insurers was not ripe until the insured's liability was established because the issue "might never arise." It ruled that the district court did not abuse its discretion by dismissing the insurer's complaint without prejudice

---

was not ripe, so it did not need to address the abstention factors. *Excellent Computing* is therefore distinguishable.

because "[t]he damage suits had never been tried[,] [n]o one had yet paid or become legally liable to pay[, and] [w]hether anything will be paid or be legally payable, no one, on this record, yet knows." *Id.* at 457–58. And "it is not the function of a United States District Court to sit in judgment on these nice and intriguing questions which today may readily be imagined, but may never in fact come to pass." *Id.* at 461. *See also Allstate Ins. Co. v. Emp'rs Liab. Assur. Corp.,* 445 F.2d 1278, 1281 (5th Cir. 1971) (stating, in dicta, that "no action for declaratory relief will lie to establish an insurer's [priority] . . . until a judgment has been rendered against the insured since, until such judgment comes into being, the liabilities are contingent and may never materialize").

MCC argues on appeal that an exception to the ripeness rule applies when "the court can determine that the allegations in the complaint could under no circumstances lead to a result which would trigger the duty to indemnify." *Northland Cas. Co.*, 160 F. Supp. 2d at 1360. In such a case, "the [district] court *could* adequately assess the duty to indemnify prior to a conclusion on the merits of the underlying litigation." *Id.* (emphasis added).

The district court did not consider whether allegations in the complaint could possibly lead to a result which would trigger MCC's duty to indemnify. This is likely because MCC did not directly raise this exception in its motions for summary

6

or default judgment or its supplemental brief on ripeness.  MCC's failure to properly raise argument in the district court implicates another general rule—that we do not consider arguments that are raised for the first time on appeal.  *See Access Now, Inc. v. Sw. Airlines Co.*, 385 F.3d 1324, 1331 (11th Cir. 2004) ("If we were to regularly address questions—particularly fact-bound issues—that district[ ] court[s] never had a chance to examine, we would not only waste our resources, but also deviate from the essential nature, purpose, and competence of an appellate court.").

In any event, the exception articulated in *Northland Cas. Co.*, 160 F. Supp. 2d at 1360, is not binding on this court, and, to the extent that the exception is persuasive, it would not *compel* the district court to assess MCC's duty to indemnify at this time.  *See id.* (stating that the court "could" assess the insurer's duty to indemnify).  Further, MCC's complaint for declaratory relief is unlike cases where other courts have applied such an exception.  *See Mt. Hawley Ins. Co. v. Miami River Port Terminal, LLC*, 228 F. Supp. 3d 1313, 1325–26 (S.D. Fla. 2017) (concluding that an insurer had no duty to indemnify based on the court's prior conclusion that the insurer had no duty defend, "given that the duty to indemnify cannot exist if there is no duty to defend") (quotation marks omitted); *Farmers Tex. Cty. Mut. Ins. Co. v. Griffin*, 955 S.W.2d 81, 84 (Tex. 1997) (same).  In our view, the district court did not abuse its discretion by not assessing MCC's duty to indemnify.  *See Nat'l Union*

*Fire Ins. Co. of Pittsburgh, PA v. Beta Const. LLC*, 816 F. Supp. 2d 1256, 1261 (M.D. Fla. 2011) (concluding that the exception did not apply).

## B

MCC also argues that, even if its duty to indemnify Delacruz is not ripe, the district court should have addressed its duty to defend Delacruz. MCC is correct that "[u]nder Florida law, an insurer's duty to defend is separate and distinct from its duty to indemnify." *Mid-Continent Cas. Co. v. Am. Pride Bldg. Co., LLC*, 601 F.3d 1143, 1148 (11th Cir. 2010) (internal quotation marks omitted). For example, the duty to defend is broader than the duty to indemnify, and "courts must look to the underlying complaint to determine the duty to defend, not the true facts of the cause of action against the insured[.]" *Trailer Bridge, Inc. v. Ill. Nat. Ins. Co.*, 657 F.3d 1135, 1144 (11th Cir. 2011) (per curiam).

In this case, however, the district court properly noted that "[MCC] never affirmatively sought this relief [concerning its duty to defend Delacruz] in its Second Amended Complaint." D.E. 81 at 6. The complaint only sought relief concerning its duty to indemnify Delacruz. *See* D.E. 53 at ¶ 1 ("This is an action for declaratory relief . . . for the purposes of determining . . . the scope of MCC's obligations, if any, *to indemnify Delacruz* and *to defend and indemnify Beazer*[.]" (emphasis added)). MCC originally sought relief concerning its duty to indemnify and its duty to defend

8

Beazer, but it voluntarily dismissed those claims prior to the district court's order. Whether MCC has a duty to defend Delacruz in the underlying lawsuit may be ripe, but it is not at issue in the operative complaint.

## III

For the foregoing reasons, we affirm the district court's dismissal of MCC's complaint for declaratory relief without prejudice and its denial of MCC's motions for summary and default judgment.

**AFFIRMED.**