584 F.2d 97
 TRANSIT CASUALTY COMPANY, a corporation, Plaintiff-Appellee,
v.
Lora Ruth SNOW, as Administratrix of the Estate of Tanner
Snow, Deceased, Defendant-Appellant,
v.
Gunner HUDSON, Individually and d/b/a Hudson Ambulance
Service, et al., Defendants-Appellees.
 No. 78-1934
 
 Summary Calendar.*
 United States Court of Appeals,
Fifth Circuit.
 Nov. 17, 1978.
 William H. Saliba, Mobile, Ala., for defendant-appellant.
 Larry U. Sims, Champ Lyons, Jr., Mobile, Ala., for Transit Casualty Co.
 Appeal from the United States District Court for the Southern District of Alabama.
 Before RONEY, GEE and FAY, Circuit Judges.
 PER CURIAM:
 
 
 1
 The outcome of this Alabama diversity case turns on the construction of an automobile liability insurance policy providing coverage for damages for injuries "caused by accident" and arising from the use of the automobile. The automobile was an ambulance. The alleged "accident" was twofold: not taking an injured person to the nearest hospital, and keeping him strapped down in the ambulance so that he drowned in his own fluids. Holding there was no injury "caused by accident" within the meaning of the liability policy, we affirm the declaratory judgment that the insurance company had no duty to defend or pay any judgment rendered in a wrongful death action against its insured.
 
 
 2
 Lora Ruth Snow's husband, Tanner Snow, was severely injured in an automobile accident and was picked up by defendant Gunner Hudson who operated Hudson Ambulance Service. Hudson did not deliver Snow to the nearest hospital but transported him approximately 45 miles to a hospital where he died. Snow's widow sued Hudson and his ambulance service alleging that Hudson had (1) negligently, accidentally or wantonly kept Snow strapped on his back despite the fact he was regurgitating and (2) delayed his receiving medical attention by taking him to a distant hospital.
 
 
 3
 Transit Insurance Company had issued Hudson and his business an automobile insurance policy which provided in part:
 
 1. Coverage A Bodily Injury
 
 4
 Liability: To pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of bodily injury, sickness or disease, including death at any time resulting therefrom, sustained by any person, Caused by accident and arising out of the ownership, maintenance or use of the automobile. (emphasis added).
 
 
 5
 Mrs. Snow argues that an injury is accidental where an unexpected result arises from an intended act. See Hartford Fire Insurance Co. v. Blakeney, 340 So.2d 754, 755 (Ala.1976). Because Hudson did not act with the expectation that his actions would produce death, she contends, the death was accidental within the meaning of the policy.
 
 
 6
 Alabama case law suggests to the contrary. To be caused other than "by accident," death or injury need not be an intended or expected result but merely one which is reasonably foreseeable. In O'Bar v. Southern Life & Health Ins. Co., 232 Ala. 459, 168 So. 580, 582-83 (1936), for example, the court affirmed a determination that the insured's death had not been caused solely through accidental means, as required for indemnification, where he intentionally provoked the attack which killed him, "heedless of the consequences which should have been anticipated."
 
 
 7
 Similarly, this Court in Thomason v. United States Fidelity & Guaranty Co., 248 F.2d 417, 419 (5th Cir. 1957) determined that it is not sufficient that the actual injury be unexpected, but the cause of injury itself must have been unexpected and accidental. An injury, however unexpected and unforeseen, is not caused by accident, the Court explained, where it results from voluntary and intentional acts and where the ensuing injury is the natural result of those acts. Id. at 419. This interpretation of Alabama law was cited with approval by the Alabama Supreme Court in Armstrong v. Security Insurance Group, 292 Ala. 27, 288 So.2d 134, 136 (1973). See also Hartford Fire Insurance Co. v. Blakeney, 340 So.2d 754, 756 (Ala.1976); Emergency Aid Insurance Co. v. Dobbs, 263 Ala. 594, 83 So.2d 335, 338 (1955).
 
 
 8
 Because Tanner Snow's injuries were the consequence of Hudson's intentional acts of strapping Snow down on his back while regurgitating and transporting Snow to a distant hospital despite his severe injuries, the trial court properly determined that the injuries were not "caused by accident," as required by the policy's insuring clause. Thus the insurance company had no obligation to defend Hudson or pay on his behalf any damages recovered by Mrs. Snow.
 
 
 9
 Snow also argues the trial court erred in entertaining jurisdiction of this declaratory judgment action because the insurer was without clean hands, having voluntarily dismissed a similar action in state court. No authority was cited in support of this position. The district court's jurisdiction was properly based on presence of the requisite jurisdictional amount and complete diversity of citizenship, 28 U.S.C.A. § 1332, and the Declaratory Judgment Act, 28 U.S.C.A. § 2201.
 
 
 10
 The argument that no case or controversy exists is equally unpersuasive. The state court pleadings show that Hudson was sued on various allegations. As to one of them, "negligent operation" of a vehicle, the insurance company admitted its obligation to defend and indemnify. This admission in no way affects the controversy over the company's obligations vis-a-vis the allegations of strapping Snow on his back and delaying his medical treatment.
 
 
 11
 AFFIRMED.
 
 
 
 *
 Rule 18, 5 Cir.; See Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5 Cir., 1970, 431 F.2d 409, Part I