**Roy BLACK, Jr., et al., Plaintiffs,**

v.

**The State of ALABAMA, et al., Defendants.**

**No. Civ.A. 99–0775 CB–S.**

United States District Court, S.D. Alabama, Southern Division.

Sept. 28, 1999.

Mickey Womble, W. Robert McMillan, Monroeville, AL, for Roy Black, Jr., Plaintiff.

Billington M. Garrett, Asst. Atty. Gen., Montgomery, AL, for State of Alabama, Frank W. Gregory, Defendants.

Roger L. Bates, Birmingham, AL, for City of Hoover, Defendant.

Robert C. Black, Jr., Hill, Hill, Carter, Franco, Cole & Black, P.C., Montgomery, AL, for City of Montgomery, Defendant.

George W. Royer, Jr., Sirote & Permutt, P.C., Huntsville, AL, for City of Huntsville, Defendant.

Nicholas S. Hare, Sr., Monroeville, AL, City of Monroeville, Defendant.

George H. Howell, Howell, Sarto & Howell, Prattville, AL, for City of Prattville Defendant.

Victoria J. Franklin–Sisson, Michael G. Kendrick, Gorham & Waldrep, P.C., Birmingham, AL, for City of Hueytown, City of Homewood, Defendants.

Joe B. Thompson, Jr., Brewton, AL, for City of Brewton, City of Atmore, Defendants.

William C. Roedder, Jr., McDowell Knight Roedder & Sledge, L.L.C., Mobile, AL, for City of Auburn, Defendant.

Carroll H. Sullivan, Clark, Scott and Sullivan, Mobile, Al, for City of Gulf Shores, Defendant.

Russell B. Robertson, Laird & Wiley, P.C., Jasper, AL, for City of Jasper, Defendant.

William C. Roedder, Jr., Richard M. Gaal, McDowell Knight Roedder & Sledge, L.L.C., Mobile, AL, for City of Tuskegee, Defendant.

Billington M. Garrett, Asst. Atty. Gen., Montgomery, AL, for Circuit Clerks in Monroe County, Baldwin County, Blount County, Calhoun County, Cherokee County, Autauga County, Bibb County, Barbour County, Butler County, Chambers County, Chilton County, Choctaw County, Clay County, Coffee County, Conecuh County,

Covington County, Cullman County, Dallas County, Elmore County, Etoway County, Franklin County, Clarke County, Cleburne County, Colbert County, Coosa County, Crenshaw County, Dale County, Dekalb County, Escambia County, Fayette County, Geneva County, Greene County, Henry County, Jackson County, Lamar County, Lawrence County, Limestone County, Macon County, Marengo County, Marshall County, Montgomery County, Hale County, Houston County, Jefferson County, Lauderdale County, Lee County, Lowndes County, Madison County, Marion County, Mobile County, Morgan County, Perry County, Pike County, Russell County, Shelby County, Talladega County, Tuscaloosa County, Washington County, Winston County, Pickens County, Randolph County, Saint Clair County, Sumter County, Tallapoosa County, Walker County, Wilcox County, Blessemer Division, Bullock County, District Clerks in Tuscaloosa County, Morgan County, Defendants.

Billington M. Garrett, Asst. Atty. Gen., Montgomery, AL, James E. Atchison, Mona A. Vivar, James G. House, III, Atchison, Crosby, Saad & Beebe, P.C., Mobile, AL, for Mobile County, District Clerk, Defendant.

William C. Roedder, Jr., McDowell Knight Roedder & Sledge, L.L.C., Mobile, AL, George Pass Ford, Ford Howard, PC, Gadsden, AL, for City of Gadsden, Defendant.

## MEMORANDUM OPINION AND ORDER

BUTLER, Chief Judge.

This action was removed from the Circuit Court of Monroe County, Alabama, by the City of Gadsden, one of many defendants named in the complaint. Since this action was removed, the Court has, *sua sponte*, reviewed the complaint and finds that this action is due to be remanded to state court because the Tax Injunction Act, 28 U.S.C. § 1341, precludes federal subject matter jurisdiction.

### Procedural Background

Plaintiffs in this proposed class action filed their complaint in the Circuit Court of Monroe County on August 5, 1999. Plaintiffs challenge whether 1999 Ala. Act 99–247, which increases court costs to criminal and civil litigants in order to raise revenue for various court-related purposes, can constitutionally be applied to criminal defendants whose cases were pending on the date the Act became effective. Plaintiffs seek to represent a class of persons who had been charged with a criminal offense in Alabama municipal, district or circuit courts as of the Act's effective date and who were assessed an additional $30 in costs imposed by the Act. Plaintiffs have named as defendants the State of Alabama and its Administrative Office of Courts, the Circuit Clerks of each Alabama's sixty-seven counties and numerous municipalities.

The complaint is brought pursuant to the Alabama Declaratory Judgment Act, Ala.Code §§ 6–6–220 to 232 (1975), the Alabama Constitution and federal law. Plaintiffs invoke federal law under 42 U.S.C. § 1983, asserting that plaintiffs have been deprived, under color of state law, of privileges and immunities guarantied by the United States Constitution. Specifically, plaintiffs contend that the imposition of court costs on pending cases violates the constitution's prohibition on *ex post facto* laws found in Article I, Section 9 and violates the Fourteenth Amendment. Plaintiffs seek declaratory and injunctive relief and attorneys' fees.

The City of Gadsden filed its Notice of Removal on August 25, 1999. Defendant asserts that this court has federal question jurisdiction pursuant to 28 U.S.C. §§ 1331 and removal jurisdiction pursuant to 28 U.S.C. § 1441.

### Legal Analysis

Because a federal court is powerless to act outside its jurisdiction, it "should inquire into whether it has subject matter jurisdiction at the earliest possible

stage in the proceedings. Indeed, it is well settled that a federal court is obligated to inquire into subject matter jurisdiction sua sponte whenever it may be lacking." *University of South Alabama v. The American Tobacco Co.,* 168 F.3d 405, 410 (11th Cir.1999). Following these principles, this Court has carefully considered the basis asserted for subject matter jurisdiction and the applicable law.

 The starting point for the Court's analysis is the Tax Injunction Act ("TIA"), 28 U.S.C. § 1341, which states:

> The district courts shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such States.

The TIA and the principles of comity on which it is based have been broadly construed to limit challenges against the validity of state tax systems in federal courts. *See Fair Assessment in Real Estate Assoc., Inc. v. McNary,* 454 U.S. 100, 102 S.Ct. 177, 70 L.Ed.2d 271 (1981) (holding that principles of comity survive Tax Injunction Act to bar taxpayer challenges not covered by the Act). While the TIA prohibits suits seeking to restrain the collection of taxes, principles of comity preclude federal courts from considering declaratory judgment actions regarding state tax laws, *Great Lakes Dredge & Dock Co. v. Huffman,* 319 U.S. 293, 298, 63 S.Ct. 1070, 87 L.Ed. 1407 (1943), and actions for money damages under § 1983, *Fair Assessment,* 454 U.S. at 111–15, 102 S.Ct. at 184–85. Moreover, the TIA is a jurisdictional bar "that is not subject to waiver and the federal courts are duty-bound to investigate [its] application ... regardless of whether the parties raise it as an issue." *Folio v. City of Clarksburg,* 134 F.3d 1211, 1214 (4th Cir.1998).

 The first, and most obvious, question is whether court costs imposed by state law is a "tax" within the meaning of the TIA. "What constitutes a 'tax' for purposes of the Tax Injunction Act is a question of federal law.... The label affixed to

a[ ][law] by its drafters has no bearing on the resolution of the question." *Home Builders Assoc. of Mississippi, Inc. v. City of Madison,* 143 F.3d 1006, 1010 n. 10 (5th Cir.1998); *accord Marcus v. Kansas Dept. of Revenue,* 170 F.3d 1305, 1311 (10th Cir. 1999); *Folio,* 134 F.3d at 1217.

The Fifth Circuit in *Home Builders* succinctly set forth the guiding principles for distinguishing a tax, which falls within the TIA's prohibition, from a fee, which does not:

> Distinguishing a tax from a fee is often a difficult task. Indeed, "the line between a 'tax' and a 'fee' can be a blurry one." Workable distinctions emerge from the relevant case law, however: the classic tax sustains the essential flow of revenue to the government, while the classic fee is linked to some regulatory scheme. The classic tax is imposed by a state or municipal legislature, while the classic fee is imposed by an agency upon those it regulates. The classic tax is designed to provide a benefit for the entire community, while the classic fee is designed to raise money to help defray an agency's regulatory expenses.

*Home Builders,* 143 F.3d at 1011 (quoting *Collins Holding Corp. v. Jasper County, South Caroline,* 123 F.3d 797, 799 (4th Cir.1997)).

The legislation at issue in this case, 1999 Ala.Acts 99–427 ("the Act"), increases court costs applicable to criminal and civil litigants to provide revenue for a number of purposes, including funds for the representation of indigent defendants, funds to provide enhanced technology for courts, funds for the statewide coordination of pro bono legal services and funds to increase the compensation for state judges. The Act specifies a breakdown of funds to which the costs are to be applied. The division of the money collected depends upon the type of costs, *e.g.,* municipal court costs, district court costs, circuit court costs. In general, the costs collected are to be divided among the Fair Trial Tax

Fund, the Advanced Technology and Data Exchange Fund, the State General Fund, the District Attorney's Fund, the Peace Officer's Fund, the County General Fund and/or the Municipal General Fund. In each case, the bulk of the money goes to the State General Fund.

The foregoing legislative enactment fits hand-in-glove with the classic definition of a tax. It was enacted by the legislature, not by any regulatory agency. Its purpose is increase to the flow of revenue, not to create any regulatory scheme. Although the Act benefits particular segments of government, it was not intended to defray a particular regulatory agency's expenses. Instead, it was intended to increase revenue so that the state could fund better fund government services, most of which appear to be related to the judiciary or criminal justice system.

The Court's conclusion that the Act's imposition of court costs amounts to a tax is reinforced by the Sixth Circuit's decision in *Wright v. McClain*, 835 F.2d 143 (6th Cir.1987), wherein the plaintiff challenged a Tennessee statute requiring that parolees make monthly payments to a supervision fund and to a victim's compensation fund. The appellate court held:

> Although the levies imposed under the statute are earmarked for the Corrections Department budget and not the general fund, they are no less for revenue raising purposes as distinguished from license or privilege fees, or punitive assessments. The purposes of the charges are to defray the cost to the general public of monitoring and supervising the behavior of convicted offenders and to compensate, in some measure, victims of criminal misconduct. Those purposes relate directly to the general welfare of the citizens of Tennessee and the assessments to fund them are no less general revenue raising levies simply because they are dedicated to a particular aspect of the commonwealth. We conclude, therefore, that the charges in question are taxes.

*Id.* at 145. Like Tennessee's supervision and victims' compensation assessments, Alabama's increased court costs are used to raise revenue to fund programs directly related to the general welfare of its citizens. Consequently, the court costs must be considered a tax for purposes of the Tax Injunction Act.

The Court's inquiry does not end with the determination that Act 99–427 imposes a tax. The TIA precludes federal jurisdiction only where the state provides a "plain, speedy, and efficient remedy." 28 U.S.C. § 1341. Thus, if the state has no such remedy, the federal court is required to exercise jurisdiction. *Williams v. City of Dothan*, 745 F.2d 1406, 1411 (11th Cir.1984). Fortunately, the Eleventh Circuit has addressed this very issue in a recent challenge to Alabama tax law. In *Jefferson County v. Acker*, 137 F.3d 1314 (1998) (en banc), *rev'd on other grounds*, —— U.S. ——, 119 S.Ct. 2069, 144 L.Ed.2d 408 (1999), the appellate court held that the Alabama Declaratory Judgment Act, Ala.Code § 6–6–220 (1975), provides a plain, speedy and efficient remedy for purposes of the TIA.[1] *Id.* at 1318.

### Conclusion

The Court concludes that the additional court costs imposed by Act 99–427 amount to a tax within the meaning of the Tax Injunction Act. Because plaintiffs have a plain, speedy and efficient remedy at state law to contest the imposition of those costs, this Court is without federal subject matter jurisdiction. Accordingly, this case is hereby **REMANDED** to the Circuit Court of Monroe County, Alabama.

It is so **ORDERED**.

1. Plaintiffs have, in fact, invoked Alabama's Declaratory Judgment Act.