**Annette DAVIS, Plaintiff,**

v.

**The FRANKLIN LIFE INS. CO., et al., Defendants.**

No. Civ.A. 99–A–1022–N.

United States District Court, M.D. Alabama, Northern Division.

Nov. 2, 1999.

W. Lee Pittman, J. Chris Cochran, Pittman, Hooks, Dutton & Hollis, P.C., Birmingham, AL, for Annette Davis, plaintiff.

Lee E. Bains, Jr., N. Lee Cooper, Jeffrey M. Grantham, John Albert Smyth, III, J. Alan Baty, Maynard, Cooper & Gale, P.C., Birmingham, AL, for Franklin Life Insurance Company, defendant.

Robert S.W. Given, Robert H. Rutherford, Reid S. Manley, Burr & Forman, Birmingham, AL, for Alex Miles, Jr., individually and as agent for Franklin Life Insurance Company, defendant.

### *MEMORANDUM OPINION AND ORDER*

ALBRITTON, Chief Judge.

### I. *INTRODUCTION*

This cause is before the court on a Motion to Remand filed by the Plaintiff on October 6, 1999 (Doc. # 6).

The Plaintiff originally filed her Complaint in the Circuit Court of Barbour County, Alabama. The Plaintiff brings claims for misrepresentation (Count I), fraudulent suppression (Count II), and breach of contract (Count III).

The Defendants filed a Notice of Removal on September 8, 1999, claiming that there is diversity jurisdiction in that the parties are completely diverse and the jurisdictional amount is met.

For reasons to be discussed, the Motion to Remand is due to be DENIED.

### II. *REMAND STANDARD*

■ Federal courts are courts of limited jurisdiction. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994); *Burns v. Windsor Insurance Co.*, 31 F.3d 1092, 1095 (1994); *Wymbs v. Republican State Executive Committee*, 719 F.2d 1072, 1076 (11th Cir.1983), *cert. denied*, 465 U.S. 1103, 104 S.Ct. 1600, 80 L.Ed.2d 131 (1984). As such, federal courts only have the power to hear cases that they have been authorized to hear by the Constitution or the Congress of the United States. *See Kokko-*

*nen*, 511 U.S. at 377, 114 S.Ct. 1673. Because federal court jurisdiction is limited, the Eleventh Circuit favors remand of removed cases where federal jurisdiction is not absolutely clear. *See Burns,* 31 F.3d at 1095.

■ A federal district court may exercise subject matter jurisdiction over a civil action in which only state law claims are alleged if the civil action arises under the federal court's diversity jurisdiction. *See* 28 U.S.C. § 1332(a)(1). The diversity statute confers jurisdiction on the federal courts in civil actions "between citizens of different states," in which the jurisdictional amount is met. *See id.* When an ad damnum clause includes a demand for a unspecified amount of damages, the burden is on the defendant to prove by the preponderance of the evidence that the amount in controversy, exclusive of interests and costs, exceeds $75,000.00. *See, e.g., Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353, 1357 (11th Cir.1996).

### III. *FACTS*

The facts in this case which are relevant to the Motion to Remand are as follows:

The Plaintiff originally filed her Complaint in this case in the Circuit Court of Barbour County, Alabama. The Plaintiff is a citizen of the State of Alabama. She has brought claims against Defendant Franklin Life, which is a citizen of the State of Illinois, and Defendant Alex Miles, who is a citizen of the State of Georgia. In the Complaint, the Plaintiff states that she is seeking judgment against the Defendants for compensatory and punitive damages in such sum as the jury may allow, interest and costs.

### IV. *DISCUSSION*

■ There is no dispute in this case that the Defendants and the Plaintiff have complete diversity of citizenship. The only question, therefore, is whether the requisite jurisdictional amount has been met.

Franklin Life contends that because the Plaintiff seeks punitive damages, the $75,000 jurisdictional amount is satisfied. In support of this contention, Franklin Life has cited this court to numerous decisions by the Alabama Supreme Court which have upheld punitive damage awards in excess of this court's jurisdictional amount, many of which are cases claiming fraud against insurance companies. Franklin Life has also cited to an affidavit of Professor George Priest, and several articles.

The Plaintiff contends that Franklin Life has not met its burden of proffering actual evidence to support the assertion that the $75,000 threshold has been met. The Plaintiff cites this court to a discussion of the burden of proof in *Lowe's Ok'd Used Cars, Inc. v. Acceptance Ins. Co.*, 995 F.Supp. 1388 (M.D.Ala.1998), in which another judge in this district suggested that cases from the same forum should be examined as evidence of the jurisdictional amount. In that opinion, the court also expressed concern that cases relied on by the Defendant were decided prior to *BMW v. Gore*, 517 U.S. 559, 116 S.Ct. 1589, 134 L.Ed.2d 809 (1996), which set out a remittitur process for punitive damage awards. *Id.* at 1390.

The court first notes that in the *Lowe's Ok'd Used Cars* case, the court concluded that the defendant's evidence met the preponderance standard, but that, when considered in light of the plaintiff's evidence in rebuttal, the defendant had failed to meet its burden. *Id.* at 1393. In this case, Franklin Life has submitted the Affidavit of Professor George Priest of Yale Law School in which he offers analysis of Alabama jury verdicts of punitive damages against out-of-state insurance companies and concludes that, even after *BMW v. Gore*, the average punitive damage award affirmed by the Alabama Supreme Court is $874,667. In *Jackson v. American Bankers Ins. Co.*, 976 F.Supp. 1450 (S.D.Ala.1997), the court relied, in part, on very similar evidence provided by Professor Priest in concluding that the defendant had proven to a legal certainty that the jurisdictional amount had been met. This

court expresses no opinion as to whether this evidence would be sufficient to meet the legal certainty test, but does find that *Jackson* lends support to Franklin Life's contention that the lower preponderance of the evidence standard has been met in this case.

As to the Plaintiff's contention that the jury verdicts relied on by Franklin Life must have come from the same forum as the case in issue, even if this court were to accept this restrictive view of the cases which may be considered evidence of the jurisdictional amount, Franklin Life has cited to jury verdicts from Barbour County, the county in which this case was filed originally.

The Plaintiff has, of course, disputed that the verdicts from Barbour County should be considered by the court because they occurred before *BMW v. Gore*, and because one involved a finance company and not an insurance company. While these factors go to the weight that the court gives this evidence, this is still evidence which may be considered by the court, along with Franklin Life's other evidence.

The court also emphasizes that in *Lowe's Ok'd Used Cars*, the court determined that the defendant had met its initial burden, but that the plaintiff's evidence, while no single fact was dispositive, rebutted the defendant's evidence. In that case, the plaintiffs offered evidence from the Alabama Administrative Office of Courts as to the amounts of jury verdicts to rebut the Defendant's reliance on an article from the *Wall Street Journal*. *Lowe's Ok'd Used Cars*, 995 F.Supp. at 1393. In this case, Franklin Life has offered more, and more substantial, evidence in support of its argument, and the Plaintiff has pointed to no facts, other than the dates of some of the verdicts relied on by Franklin Life and the jurisdictions in which verdicts were rendered to contradict that evidence.

 The Plaintiff has also provided the affidavit of the attorney for the Plaintiff in which he states that the Plaintiff is not "currently seeking and will not currently accept more than $74,999 in damages." *See* Affidavit of Chris Cochran. This statement by the Plaintiff's attorney does not establish that at the time the Complaint was filed, nor at the time of removal, the Plaintiff did not intend to seek the jurisdictional amount. That is the time when the jurisdictional amount is judged, and the Plaintiff cannot reduce her claim thereafter to defeat federal court jurisdiction. *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 293–94, 58 S.Ct. 586, 82 L.Ed. 845 (1938). Nor does this affidavit establish that she will not so seek in future proceedings in this case. This affidavit is far different from the affidavit that this court has held in other cases would be sufficient to obtain a remand. *See Taylor v. Campbell*, 852 F.Supp. 978, 979 (M.D.Ala.1994). The court cannot conclude, therefore, that this affidavit is sufficient evidence to rebut the showing made by Franklin Life. Because the dates and jurisdictions of verdicts pointed to by Franklin Life go only to the weight of the evidence, and since the verdicts challenged by the Plaintiff are not Franklin Life's only evidence, the court cannot conclude that Franklin Life's evidence has been rebutted as it was in *Lowe's Ok'd Used Tires*. Instead, "Defendant's evidence meets its preponderance burden...." *Lowe's Ok'd Used Cars*, 995 F.Supp. at 1393.

As this court stated in *Bolling v. Union National Life. Ins. Co.*, 900 F.Supp. 400, 405 (M.D.Ala.1995), "it is clear in Alabama, when a plaintiff seeks recovery for fraud against an insurance company and asks for punitive damages, the recovery, if the plaintiff prevails, may very well exceed [the jurisdictional amount]." The court concludes that Franklin Life has shown by a preponderance of the evidence that should the Plaintiff in this case prevail, her recovery more likely than not will exceed the jurisdictional amount. Accordingly, the court concludes that the Motion to Remand is due to be DENIED.

## V. *CONCLUSION*

For the reasons discussed, the court concludes that the Plaintiff's Motion to Remand (Doc. # 6) is due to be and is hereby ORDERED DENIED.