**EMPLOYERS MUTUAL CASUALTY COMPANY, Plaintiff,**

v.

**Lane EVANS, et al., Defendants.**

**No. CV–99–PT–2225–E.**

United States District Court, N.D. Alabama, Eastern Division.

Nov. 24, 1999.

**1258**

James A. Kee, Jr., Mark M. Hogewood, Wallace Jordon Ratcliff & Brandt, Birmingham, AL, for Employers Mut. Cas. Co.

Perry G. Shuttlesworth, Jr., Birmingham, AL, for Lane Evans.

J. Chris Cochran, Pittman Hooks Dutton & Hollis, Birmingham, AL, for Robert Deaton.

## MEMORANDUM OPINION AND ORDER

PROPST, Senior District Judge.

This cause comes to be heard on defendant Lane Evans's Motion to Dismiss filed October 13, 1999.

### BACKGROUND

In the present action, plaintiff Employers Mutual Casualty Company ("plaintiff" or "EMCC") seeks to have this court declare that it has no duty to defend or to indemnify the defendant, Lane Evans ("Evans") under an EMCC policy for claims asserted against him in an underlying state court action. The underlying case, *Deaton, et al. v. Handy T.V. and Lane Evans,* CV 98–360, is currently pending in the Circuit Court of Talladega County, Alabama. EMCC is currently defending Evans in the underlying state court action under reservation of rights pending the outcome of this litigation.

Defendant Evans notes that declaratory judgments sought pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 are discretionary on the part of the district court judge. Evans argues that judicial economy and efficiency force this court to grant his motion to dismiss because the case is not ripe for adjudication. Evans contends that the case is premature because he has not yet been found liable in the underlying action. Rather, Evans contends, insurance coverage issues are more appropriately handled via intervention in the underlying state court action.

Plaintiff EMCC argues that a declaratory judgment is very appropriate in situations such as this where an insurance company seeks a declaration of their liability to an insured in an underlying suit.

EMCC argues that both the issue of whether EMCC owes a duty to defend and whether EMCC owes a duty to indemnify can and should be adjudicated by this court.

## ANALYSIS

### A. Jurisdiction

■ Federal courts are powerless to act outside their jurisdiction, requiring them to inquire into the question of subject matter jurisdiction "at the earliest possible stage in the proceedings. Indeed ... a federal court is obligated to inquire into subject matter jurisdiction sua sponte whenever it may be lacking." *Black v. State of Alabama*, 71 F.Supp.2d 1200, 1202–03 (S.D.Ala.1999), *quoting University of South Alabama v. The American Tobacco Co.*, 168 F.3d 405, 410 (11th Cir.1999). In accordance with this principle, this court considers its jurisdiction in regards to this matter.

Plaintiff asserts diversity jurisdiction under 28 U.S.C. § 1332 and 28 U.S.C. § 1446 as amended, and on the Federal Declaratory Judgment Act, 28 U.S.C. § 2201. Defendant Evans contends that the amount in controversy fails to exceed $75,000 as required under 28 U.S.C. § 1332.

■ As a preliminary matter, the court notes that 28 U.S.C. §§ 1446 and 2201 are inapposite as they do not confer jurisdiction in and of themselves. 28 U.S.C. § 1446 governs the removal of cases from state court to federal court and is not at issue in this matter. 28 U.S.C. § 2201 governs declaratory judgments and contemplates only "actual controvers[ies] within [a court's] jurisdiction," presupposing jurisdiction through other avenues. *See Borden v. Katzman*, 881 F.2d 1035 (11th Cir.1989); *Jones v. Alexander*, 609

F.2d 778, *reh'g denied*, 613 F.2d 314, *cert. denied*, 449 U.S. 832, 101 S.Ct. 100, 66 L.Ed.2d 37 (1980). This leaves the court with only 28 U.S.C. § 1332, which requires complete diversity of the parties and an amount in controversy which exceeds $75,-000. The parties agree that there is complete diversity as no plaintiff and no defendant reside in the same state, leaving only the question of whether the jurisdictional amount is satisfied.

In its complaint, EMCC contends that the amount in controversy exceeds $75,000, exclusive of interest and costs. EMCC bases this amount on the claims made by the plaintiff in the underlying action.[1] In that action, while the state court complaint does not contain an ad damnum clause, the plaintiff seeks unspecified compensatory and punitive damages for mental and emotional anguish, humiliation, embarrassment, and damage of reputation. EMCC contends that the nature of these claims indicate that the underlying plaintiffs seek more than $75,000 from the underlying defendants. In his answer, Evans denies that the amount in controversy is greater that $75,000 and demands strict proof thereof.

■ "When an ad damnum clause includes a demand for [an] unspecified amount of damages, the burden is on [the party seeking federal jurisdiction] to prove by [a] preponderance of the evidence that the amount in controversy, exclusive of interests and costs, exceeds $75,000." *Davis v. Franklin Life Ins. Co.*, 71 F.Supp.2d 1197, 1198 (M.D.Ala.1999), *citing Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353, 1357 (11th Cir.1996) (motion to remand denied where plaintiff sought unspecified amount of damages, but where plaintiffs seeking punitive damages in insurance fraud cases typically received

1. The plaintiffs in the underlying action allege that they went shopping at Handy T.V., Inc., left the premises, proceeded to return home, were followed to their home by Lane Evans and an indefinite number of additional Handy T.V. employees; upon arrival home, Evans and another male got out of their vehicle, accused the minor plaintiff being a thief and stealing property from Handy T.V., forced the minor plaintiff to disrobe in public in the daytime on his family's front lawn, show them the contents of his clothes, and told him to never return to Handy T.V.

more than $75,000 in Alabama courts). The court will look to relevant Alabama case law to determine whether the jurisdictional amount is satisfied.

■ In *Wal–Mart Stores, Inc. v. Jones,* 533 So.2d 551 (Ala.1988), the Alabama Supreme Court affirmed a jury award of $200,000 to the plaintiff on a false imprisonment count. In that case, a Wal–Mart employee questioned and detained the plaintiff for allegedly shoplifting a coat from the store. In *Big B. Inc. v. Cottingham,* 634 So.2d 999 (Ala.1993), the Alabama Supreme Court conditionally affirmed a remitted jury award of $400,000 (from $1 million) in punitive damages, and did not review the jury award of $5,000 in compensatory damages. In that case, the plaintiff alleged that an assistant store manager falsely imprisoned her and sexually assaulted her. These are Alabama cases which closely resemble the underlying litigation. Because each contains similar claims and fact patterns, and because the awards in each case easily exceed the statutorily required amount, the court finds that it has jurisdiction.

### B. Duty to Defend and Duty to Indemnify

Defendant Evans requests this court to dismiss with prejudice plaintiff's action for declaratory judgment as to both EMCC's duty to defend and EMCC's duty to indemnify, or in the alternative, to dismiss EMCC's duty to indemnify claim only. EMCC asserts that both claims are ripe for adjudication in this forum.

"In all cases arising under the Declaratory Judgment Act, 28 U.S.C. § 2201 (1988), the threshold question is whether a justiciable controversy exists." *Atlanta Gas Light Co. v. Aetna Casualty and Surety Co.,* 68 F.3d 409, 414 (11th Cir. 1995) (footnote omitted). The Constitution of the United States allows federal judicial power to extend only to actual "cases or controversies." U.S. Const. art. III, § 2; *see also Atlanta Gas,* 68 F.3d at 414. "Whether such a controversy exists is determined on a case-by-case basis." *Atlanta Gas,* 68 F.3d at 414, *quoting United States Fire Ins. Co. v. Caulkins Indiantown Citrus,* 931 F.2d 744, 747 (11th Cir. 1991).

■ "Basically, the question in each case is whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *Maryland Casualty Co. v. Pacific Coal & Oil Co.,* 312 U.S. 270, 273, 61 S.Ct. 510, 85 L.Ed. 826 (1941). The party who seeks shelter in a federal court must show at an "irreducible minimum" that at the time the complaint was filed, that party had "suffered some actual or threatened injury resulting from the [other party's] conduct, that the injury fairly can be traced to the challenged action, and that the injury is likely to be redressed by favorable court disposition." *Atlanta Gas,* 68 F.3d at 414, *citing Caulkins Indiantown Citrus,* 931 F.2d at 747 (*citing Valley Forge Christian College v. Americans United for Separation of Church & State, Inc.*, 454 U.S. 464, 472, 102 S.Ct. 752, 70 L.Ed.2d 700 (1982)).

Defendant relies heavily upon *Guaranty Nat'l Ins. Co. v. Beeline Stores, Inc.,* 945 F.Supp. 1510 (M.D.Ala.1996), in support of his contentions. In *Beeline,* an insurer sought a declaratory judgment that it had no contractual duty to defend or indemnify the insured employer in the employee's state lawsuit against the employer. The court decided the case on the merits, holding that the insurer had no duty to defend the employer, but that the indemnification issue was not sufficiently ripe to present a case or controversy. The duty to defend issue was ripe for adjudication, the court noted, because it was not contingent upon a finding of liability on the part of the insured. *See id.* at 1513. As to the duty to indemnify, the court followed Seventh Circuit precedent which stated that "the duty to indemnify is not ripe for adjudication until the insured is in fact held liable in the underlying suit." *Id.* at 1514–15,

*quoting Nationwide Ins. v. Zavalis,* 52 F.3d 689, 693 (7th Cir.1995). Because Beeline could potentially prevail in the underlying suit, the issue of whether Guaranty National must indemnify Beeline would be rendered moot and any judicial resources expended on resolving that issue would be wasted. *Id.* at 1515.

An identical tack has been taken by other district courts looking at the same issue. *See, e.g., State Farm Fire & Cas. Co. v. Middleton,* 65 F.Supp.2d 1240 (M.D.Ala.1999) (issue of duty to defend ripe, but duty to indemnify issue not sufficiently ripe to present case or controversy); *Allstate Indemnity Co. v. Lewis,* 985 F.Supp. 1341 (M.D.Ala.1997) (same); *Auto–Owners Ins. Co. v. Toole,* 947 F.Supp. 1557 (M.D.Ala.1996) (same).

Defendant Evans asserts that this court should follow the Alabama Supreme Court in *Universal Underwriters Ins. Co. v. East Central Alabama Ford–Mercury, Inc., et al.,* 574 So.2d 716 (Ala.1990). In that case, the Alabama Supreme Court lauded the procedures for permissive intervention as an alternative to declaratory judgment actions in situations where insurance companies sought resolution of coverage issues. Plaintiff responds by noting that intervention in the underlying state action will afford no protection to it because the coverage questions will be resolved only after the defense has already been provided.

Plaintiff EMCC contends that *Maryland Casualty Co. v. Pacific Coal & Oil Co.,* 312 U.S. 270, 61 S.Ct. 510, 85 L.Ed. 826 (1941), governs the disposition of this case and mandates this court's retention of this case. In that case, the Supreme Court found that there was an actual controversy regarding both the duties to indemnify and defend of the insurance company in the underlying state litigation. *Id.* at 274, 61 S.Ct. 510. However, as is pointed out by Evans, the Court did not differentiate between the two duties as later cases and lower courts have.

Fifth Circuit precedent has, at times, noted the distinction between the duty to defend and the duty to indemnify. In *American Fidelity & Cas. Co. v. Pennsylvania Threshermen & Farmers' Mutual Cas. Ins. Co.,* 280 F.2d 453 (5th Cir.1960), the Fifth Circuit noted that:

> The obligation to defend is distinct and separate [from the duty to indemnify after liability has been found] ... [T]hey are separate and distinct in the sense that the duty to defend does not depend upon the payment to damage claimant or the rendition of a judgment declaring the assured's legal obligation to pay. Indeed, the purpose of the defense is— or was at one time and occasionally may still be hoped for—to win. To win means to defeat the claim so that the amount of payment is a question never reached.

*Id.* at 458. The court concluded that the insurer did owe the insured a defense, but that whether the insurer owed the insured indemnification was a question better asked when and if it arose in a more tangible context. *Id.* at 461. The decision may have simply been a determination that the trial court had not abused its discretion. Further, the decision with regard to the indemnification issue followed a decision that there was a duty to defend.

In *Allstate Insurance Co. v. Employers Liability Assurance Corp.,* 445 F.2d 1278 (5th Cir.1971), the Fifth Circuit stated that "no action for declaratory relief will lie to establish an insurer's liability in a policy clause contest ... until a judgment has been rendered against the insured since, until such judgment comes into being, the liabilities are contingent and may never materialize." *Id.* at 1281, *citing American Fidelity & Cas. Co.,* 280 F.2d 453. *Allstate* appears to over read *American Fidelity.*

In a later case, *Transit Casualty Co. v. Snow,* 584 F.2d 97 (5th Cir.1978), an automobile liability insurer brought a diversity suit to obtain a judgment declaring that it had no duty to defend or to indemnify its insured. The Fifth Circuit affirmed the district court entry of declaratory judgment for the insurer, finding that a contro-

versy continued to exist despite the fact that, as to one of the state court claims, the insurer had admitted its obligation to defend and indemnify. *See id.* at 99–100. As to the state court wrongful death claim then at issue, the court held that the injury was not "caused by accident" within the meaning of the liability policy and the insurer had no duty to defend or to indemnify. *See id.* at 98–99. The court reached this conclusion without differentiating between the two duties.

In *Cincinnati Insurance Co. v. Holbrook*, 867 F.2d 1330 (11th Cir.1989), *abrogated on other grounds, Wilton v. Seven Falls Co.*, 515 U.S. 277, 115 S.Ct. 2137, 132 L.Ed.2d 214 (1995), the Eleventh Circuit held that even though the liability issue had not yet been resolved in the state court, the federal courts were not automatically closed to the insurer seeking declaratory relief. Rather, the federal court could determine any obligation on the part of the insurer to defend the insured in the state court case. *See id.* at 1333. The court noted that this was especially true because "in some jurisdictions the providing of a defense not only is expensive but may constitute a waiver on the coverage question." *Id.*

## C. Conclusion

■ This court concludes that it should retain jurisdiction to hear both the duty to defend and the indemnification issues. The duty to defend is more extensive than the duty to indemnify. If the court determines that there is a duty to defend, it may well be appropriate not to then reach the further issue of duty to indemnify. However, a determination that there is no duty to defend may well determine the duty to indemnify issue. Both discretion and common sense mandate that the court retain jurisdiction at least until the duty to defend issue is determined, consistent with *Maryland Casualty Co.* The parties should move for hearing when the matters are ready for trial in this court. Of course, any issue decided by this court will have to be based on the claims as presently stated in the pending state court action. Any

such determination would not affect possible issues which later arise. This should answer the *Beeline* concerns. Defendant's Motion to Dismiss is DENIED.