ASSURANCE COMPANY OF
AMERICA, Plaintiff,

v.

LEGENDARY HOME BUILDERS, INC., f/k/a First American Builders, Inc., Richard D. Horne and Patricia N. Horne, Defendants.

No. CIV.A.02–0537–P–M.

United States District Court,
S.D. Alabama,
Southern Division.

June 3, 2003.

Michael E. Upchurch, Frazer, Greene, Upchurch & Baker LLC, Elizabeth Anne Citrin, Alford, Clausen & McDonald, Mobile, AL, Thomas S. Garrett, Wiley, Rein & Fielding, Washington, DC, for Plaintiff.

Christopher G. Hume, III, Miller, Hamilton, Snider & Odom, Mobile, AL, Jason S. McCormick, McCormick and Brown, LLC, Mobile, AL, for Defendant.

*ORDER MODIFYING [AND ADOPTING] THE REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE AND STAY ORDER*

PITTMAN, Senior District Judge.

On April 8, 2003, the Magistrate Judge issued a Report and Recommendation pur-

suant to 28 U.S.C. § 636(b)(1)(B), in this declaratory judgment action brought under 28 U.S.C. § 2201 (doc.20). The Magistrate Judge, after considering the Motion to Dismiss filed by defendants Richard D. Home and Patricia N. Home ("the Hornes") (doc.14), and the Opposition filed by plaintiff Assurance Company of America ("Assurance") (doc.17), recommends that the Homes' Motion be granted and that this action be dismissed without prejudice. Assurance filed a timely Objection (doc.25).

After due and proper consideration of all portions of this file deemed relevant to the issues raised, and a *de novo* determination of those portions of the Report and Recommendation to which objection is made, the Recommendation of the Magistrate Judge is hereby MODIFIED as follows:

1) At page 6, ¶ 2, line 2, after "declaratory judgment action," replace "the" with—this; and after "Court is guided by," replace "its" with—an;

2) at page 6, ¶ 2, line 3, after the citation "558 F.Supp. 596, 599 (S.D.Ala.1983)" add—(J. Cox);

3) at page 6, ¶ 2, line 9, after "dismissing the declaratory judgment action," replace "this" with—the;

4) at page 6, ¶ 2, line 11, after "underlying state court case had not yet been tried." replace "This" with—The;

5) at page 7, line 3, after "Moreover," replace "this" with—The;

6) at page 7, line 6, after "*Alabama Code, § 27–23–2.*" replace "This" with—The; and

7) at page 8, ¶ 2, line 12, after "such as that awarded to the Hornes against First American." replace "This" with—The.

This court also notes that the Magistrate Judge states that "considerations of practicality and wise judicial administration dictate that the [c]ourt should decline to exercise jurisdiction in this action at this time" (doc.20, p. 9). The Recommendation is further MODIFIED in consideration of Assurance's request that this court stay the action (doc.25, p. 6–7). This court notes that the issue of a stay was not before the Magistrate Judge.

Assurance notices this court that

a dismissal of this action will have the unintended effect of unnecessarily wasting the time and resources of both the parties and this Court. At this juncture, the Court has entered its Scheduling Order and the parties are to exchange initial disclosures..., which will include the voluminous production of documents by Assurance. To the extent the Alabama Supreme Court affirms the underlying judgment against First American [Builders, Inc.], the parties will be forced to re-litigate this dispute from scratch, beginning with the filing of another complaint for declaratory relief by Assurance in this Court... Neither the parties nor the Court should be forced to start anew when a stay will preserve the status quo until any uncertainty regarding the underlying action is resolved by the Alabama Supreme Court.

(doc.25, p. 6–7).

In *Wilton v. Seven Falls Co.*, 515 U.S. 277, 115 S.Ct. 2137, 132 L.Ed.2d 214 (1995), the United States Supreme Court noted that "where the basis for declining to proceed is the pendency of a state proceeding, a stay will often be the preferable course, because it assures that the federal action can proceed without risk of a time bar if the state case, for any reason, fails to resolve the matter in controversy." *Id.* at 288, n. 2, 115 S.Ct. 2137.

Herein, as noted by the Magistrate Judge, the $750,000.00 jury award to the Homes rendered in the Circuit Court of

Baldwin County is currently on appeal to the Alabama Supreme Court (doc.20, p. 2, footnote 1). It is this court's opinion that a stay of this action, rather than a dismissal, would avoid any possible "gratuitous interference" with the orderly and comprehensive disposition of the action on appeal, *Brillhart v. Excess Ins. Co. of America,* 316 U.S. 491, 495, 62 S.Ct. 1173, 86 L.Ed. 1620 (1942), while allowing this court and the parties to avoid, to the extent possible, piecemeal and duplicitous litigation. *Wilton,* at 283, 115 S.Ct. 2137.

Accordingly, after due and proper consideration of all portions of this file deemed relevant to the issues raised, and a *de novo* determination of those portions of the Report and Recommendation to which objection is made, the Recommendation of the Magistrate Judge is hereby MODIFIED as set forth herein, and insofar as the Hornes' Motion to Dismiss without prejudice is DENIED; this court exercises its discretion under *Wilton,* 515 U.S. 277, 115 S.Ct. 2137, to STAY all proceedings in this action pending resolution of the related state court action currently on appeal in the Alabama Supreme Court.

The Clerk is directed to close this file for statistical purposes only. Assurance is ORDERED to inform this court in writing within thirty (30) days following resolution of the appeal pending in the Alabama Supreme Court, at which time the court will reopen this declaratory judgment action.

## REPORT AND RECOMMENDATION

MILLING, United States Magistrate Judge.

This action has been referred to the undersigned for appropriate action pursuant to 28 U.S.C. § 636(b)(1)(B). Upon consideration of all relevant portions of this file, including the parties' respective briefs, it is recommended that this action be dismissed, without prejudice.

This action is before the Court on the Motion to Dismiss filed by Defendants Richard D. Horne and Patricia N. Horne ("the Hornes") (Doc. 14) and the brief in opposition thereto filed by Plaintiff Assurance Company of America ("Assurance") (Doc. 17). Assurance filed this action on July 15, 2002, against Legendary Home Builders, Inc., f/k/a First American Home Builders, Inc. ("First American"), pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, and 28 U.S.C. § 1332, diversity of citizenship, seeking a declaration that it has no obligation to provide First American with indemnity in connection with a state court action brought by the Hornes against First American and others for alleged construction defects in the Hornes' home.[1] (Docs.1, 8). Assurance amended its Complaint on November 14, 2002, to add the Hornes as Defendants. (Doc. 8). In their Motion to Dismiss, the Hornes argue that the Court should decline to exercise jurisdiction over this declaratory judgment action because the duty to indemnify issue is

---

1. On or about February 17, 2000, the Hornes filed suit against First American and others in the Circuit Court of Baldwin County, Alabama, in a case captioned *Richard D. Horne and Patricia N. Horne v. Legendary Home Builders, Inc. f/k/a First American Home Builders, Inc. and A.R.H. Service Corp.,* Case No. CV–2000–168 ("the *Horne* action"). In the *Horne* action, the Hornes alleged, among other things, that First American had not constructed their residential dwelling in a work-

manlike manner. (Doc. 8 at 3–4). Assurance defended First American in the *Horne* action, subject to a reservation of rights. The case ultimately went to trial, and the jury awarded the Hornes $750,000.00. That judgment is currently on appeal to the Alabama Supreme Court. According to Assurance's Amended Complaint, First American has not paid the verdict, and the Hornes claim that Assurance is responsible for any outstanding amount. (*Id.* at 4–5).

premature and because there exists a more appropriate remedy than declaratory judgment to resolve the indemnity issue. (Doc. 14). Assurance disputes the Hornes' assertions and urges the Court to exercise jurisdiction over this action and resolve the indemnity question. (Doc. 17).

## DISCUSSION

In its Amended Complaint, Assurance asserts that there exists between itself, First American, and the Hornes "a substantial, bona fide, actual, and justiciable dispute regarding the application and interpretation of certain terms of the contracts to the *Horne* Complaint and resulting verdict." (Doc. 8 at 6). Assurance further asserts that no other legal action has been brought to have its rights and obligations determined under its insurance contracts with First American with respect to the *Horne* lawsuit and verdict. (*Id.* at 6–7). Assurance seeks a declaration from this Court that it has no obligation to provide First American with indemnity in connection with the unpaid verdict in the *Horne* case or, alternatively, to declare that the extent of its duty, if any, to indemnify first American is reduced by the coverage afforded by any other insurance contract that may provide coverage to First American in connection with the *Horne* action. (*Id.* at 7).

The Declaratory Judgment Act provides, in pertinent part, that "[i]n a case of actual controversy within its jurisdiction, ... any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a). The purpose of the Act is to "afford relief from uncertainty and insecurity with respect to legal relations." *See Sears, Roebuck & Co.*

*v. American Mut. Liab. Ins. Co.*, 372 F.2d 435, 438 (7th Cir.1967).

The threshold question in a declaratory judgment action is whether a justiciable controversy exists. *See, e.g., Employers Mut. Cas. Co. v. Evans,* 76 F.Supp.2d 1257, 1260 (N.D.Ala.1999). As stated in *Evans,* "'[b]asically, the question in each case is whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.'" *Id.* (quoting *Maryland Cas. Co. v. Pacific Coal & Oil Co.,* 312 U.S. 270, 273, 61 S.Ct. 510, 85 L.Ed. 826 (1941)).

While acknowledging the existence of a dispute between themselves, First American, and Assurance, the Hornes contend that there is no justiciable controversy at this time because (1) the underlying state court judgment against First American is on appeal and (2) the dispute is one which, in any event, would be more appropriately decided under *Alabama Code,* § 27–23–2. That section provides:

Upon the recovery of a final judgment against any person, firm or corporation by any person, including administrators or executors, for loss or damage on account of bodily injury, or death or for loss or damage to property, if the defendant in such action was insured against the loss or damage at the time when the right of action arose, the judgment creditor shall be entitled to have the insurance money provided for in the contract of insurance between the insurer and the defendant applied to the satisfaction of the judgment, and if the judgment is not satisfied within 30 days after the date when it is entered, the judgment creditor may proceed against the defendant and the insurer to reach and apply

the insurance money to the satisfaction of the judgment.

First, with regard to the issue of ripeness, the other district courts in this Circuit have held that an insurer's duty to indemnify is not ripe for adjudication in a declaratory judgment action "until the insured is in fact held liable in the underlying suit." *Employers Mut. Cas. Co. v. Evans,* 76 F.Supp.2d 1257, 1260 (N.D.Ala. 1999) (quoting *Guaranty Nat'l Ins. Co. v. Beeline Stores, Inc.,* 945 F.Supp. 1510, 1514–15 (M.D.Ala.1996) (quoting *Nationwide Ins. v. Zavalis,* 52 F.3d 689, 693 (7th Cir.1995))). That has happened here.[2] However, even if the indemnity issue is ripe, the question remains whether, under the facts of this case, the Court should, in its discretion, assume jurisdiction and provide declaratory relief.

> [T]he Declaratory Judgment Act states that a court "*may* declare the rights and other legal relations of any interested party seeking this declaration." 28 U.S.C.A. § 2201 (emphasis added). The Supreme Court has "repeatedly characterized the Declaratory Judgment Act as 'an enabling Act, which confers a discretion on the courts rather than an absolute right upon the litigant.'" *Wilton v. Seven Falls Co.,* 515 U.S. 277, 287, 115 S.Ct. 2137, 2143, 132 L.Ed.2d 214 (1995) (quoting *Public Serv. Comm'n v. Wycoff Co.,* 344 U.S. 237, 241, 73 S.Ct. 236, 239, 97 L.Ed. 291 (1952)). Therefore, "[t]here is ... nothing automatic or obligatory about the assumption of "jurisdiction" by a federal court to hear a declaratory judgment action.... In the declaratory judgment context, the normal principle that federal courts should

adjudicate claims within their jurisdiction yields to considerations of practicality and wise judicial administration.'" *Wilton,* 515 U.S. at 288, 115 S.Ct. at 2143 (quoting E. Borchard, Declaratory Judgments 313 (2d ed.1941)).

*Beeline,* 945 F.Supp. at 1515.

In deciding whether to assume jurisdiction in this declaratory judgment action, the Court is guided by its earlier decision in *MacMillan–Bloedel, Inc. v. Firemen's Ins. Co. of Newark, N.J.,* 558 F.Supp. 596, 599 (S.D.Ala.1983). In that case, an injured party, MacMillan–Bloedel, filed a declaratory judgment action seeking a declaration that an insurer was obligated for any judgment MacMillan–Bloedel obtained in an underlying lawsuit in state court against the insured. In dismissing the declaratory judgment action, this Court held that the declaratory judgment action was premature because the underlying state court case had not yet been tried. This Court observed: "'it is not the function of a United States District Court to sit in judgment on these nice and intriguing questions which today may readily be imagined, but may never in fact come to pass.'" *Id.* (quoting *American Fid. & Cas. Co. v. Pennsylvania Threshermen & Farmers' Mut. Cas. Ins. Co.,* 280 F.2d 453, 461 (5th Cir.1960)). Moreover, this Court further held that, once the question of the insured's liability was finally determined, the more appropriate avenue to litigate the coverage issue was in a direct action under *Alabama Code,* § 27–23–2. This Court stated:

> MacMillan–Bloedel has other adequate remedies against [the insurer] available to it if it successfully pursues its tort

2. Indeed, First American has been found liable in the state court action, and, under § 27–23–2, the Hornes have the right to proceed against Assurance without waiting for the conclusion of First American's appeal. Under § 27–23–2, a judgment creditor may proceed against the insurer while the underlying judgment is on appeal "if no supersedeas is filed." *See State Farm Mutual Auto. Ins. Co. v. Hollis,* 554 So.2d 387, 393 n. 3 (Ala.1989). Neither First American nor Assurance filed a supersedeas bond in the *Horne* action. (Doc. 14 at 3).

action against [the insured] and obtains a judgment. The availability of other adequate remedies does not in and of itself, however, weigh against the rendition of declaratory relief. The test is whether or not the other remedy is more effective or efficient, and hence whether the declaratory action would serve a useful purpose. Where another remedy would be a more effective or appropriate remedy, the court may properly decline to assume jurisdiction. *See Cunningham Bros. v. Bail,* 407 F.2d 1165 (7th Cir.) (more effective relief obtainable by other procedures), cert. denied, 395 U.S. 959, 89 S.Ct. 2100, 23 L.Ed.2d 745 (1969); *New York Life Ins. Co. v. Roe,* 102 F.2d 28 (8th Cir.1939) (declaratory relief denied where traditional remedy available); *Zwetchkenbaum v. Operations, Inc.,* 165 F.Supp. 449 (D.R.I.1958) (action dismissed where no showing that other remedy would be inadequate). Ala.Code § 27–23–2 (1977) provides, after judgment in the tort action, a more appropriate remedy in this case.

. . .

This is a case where the court, in the exercise of its discretion, will decline to entertain this declaratory judgment action until such time as the question of the [insured's] liability · to MacMillan–Bloedel is finally determined. If Mac-Millan–Bloedel is successful in the tort action, Ala.Code § 27–23–2 (1977) provides a remedy. In summary, the court concludes: (a) That the plaintiff has no standing to maintain this action at this time; and (b) Even if the plaintiff had such standing, the court in the exercise of discretion would decline to entertain the action at this time.

*Id.* at 599–600.

Unlike the insured in *MacMillan–Bloedel,* First American has been found liable for damages in the underlying state court action. However, as discussed above, that judgment is currently on appeal to the Alabama Supreme Court, and, without question, Assurance's duty to indemnify First American could be affected by that appeal. If First American were to prevail on appeal and ultimately obtain a verdict in its favor, the present declaratory judgment action to determine Assurance's duty to indemnify would have been unnecessary. Moreover, as discussed above, *Alabama Code,* § 27–23–2, provides a direct action for determining an insurer's duty to indemnify its insured in relation to a judgment such as that awarded to the Hornes against First American. This Court held in *MacMillan–Bloedel* that the remedy provided by § 27–23–2 is adequate and, in at least some cases, more appropriate than a declaratory judgment to resolve such indemnity issues. In this declaratory judgment action, Assurance has failed to demonstrate how litigating its potential duty to indemnify First American, while First American's liability and the Horne's damages are being challenged on appeal, would be effective or efficient or would serve any useful purpose. Accordingly, considerations of practicality and wise judicial administration dictate that the Court should decline to exercise jurisdiction in this action at this time.

### CONCLUSION

Based on the foregoing, it is recommended that the Motion to Dismiss of Defendants Richard and Patricia Horne be GRANTED and that this action be dismissed, without prejudice.

### MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS AND RESPONSIBILITIES FOLLOWING RECOMMENDATION AND FINDINGS CONCERNING NEED FOR TRANSCRIPT

1. *Objection.* Any party who objects to this recommendation or anything in it

must, within ten days of the date of service of this document, file specific written objections with the clerk of court. Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge. *See* 28 U.S.C. § 636(b)(1)(C); *Lewis v. Smith,* 855 F.2d 736, 738 (11th Cir.1988); *Nettles v. Wainwright,* 677 F.2d 404 (5th Cir. Unit B, 1982) (*en banc* ). The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days after being served with a copy of the recommendation, unless a different time is established by order. The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection. The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made. It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection. Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2. *Transcript (applicable where proceedings tape recorded).* Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review. Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

April 8, 2003.